GOUGH & HERRING *vs.* STAATS.

A *check* on a bank, *post-dated* and negotiated, is payable *on demand, on or after the day on which it purports to bear date.*

Greater diligence is required in the presentment of checks than of bills ·of exchange; where, however, there are no peculiar circumstances, *laches* cannot be imputed if the presentment be made on the day next after that on which the check is given.

A drawer of a check cannot be called on for payment, until after demand upon the drawee; and to charge him, it is enough to show such demand and refusal to pay *at any time* before suit, unless it appear that the drawee has failed, or the drawer has otherwise sustained injury by the delay.

In an action, however, against an *endorser* of a check, it must appear that demand was made within a *reasonable time;* and what shall be deemed reasonable time is a question of law, where there is no dispute about the facts

If there has not been due diligence in presenting the check for payment, the *endorser* is discharged, although he has not been prejudiced by the delay.

Where all the parties reside in the same place, the omission to present a check for *six days* after it may be presented discharges the endorser.

The *endorser* of a check, for the accommodation of the maker, to enable the latter to obtain a loan, cannot be charged as a *guarantor*, where the declaration contains only the *money counts*, although a copy of the · check is served with the declaration.

THIS was an action of *assumpsit*, tried at the Albany circuit in September, 1833, before the HON. JAMES VANDERPOEL, one of the circuit judges.

NEW YORK,<br>May, 1835.<br><br>Gough<br>v.<br>Staats.

NEW YORK,   The plaintiffs claimed to recover on *three checks* drawn by
May, 1835  one *Thomas Hurst,* on the Mechanics' and Farmer's Bank in
Gough  the city of Albany, *endorsed* by the defendant, and negotiated
v.  by *Hurst* to the plaintiffs. One check was for $100, and bore
Staats.  date on the 4th August, 1832; the second, for a like sum,
bore date on the 10th August, 1832; and the third, for $50,
bore date on the 11th August, 1832—each of them payable
to bearer. The checks were endorsed by the defendant for
the accommodation of Hurst, who obtained money upon them
from the plaintiff's who at the time were brokers. The
checks were made, endorsed and negotiated previous to their
dates; in other words, were *post-dated.* On the *seventeenth*
of August, 1832, they were presented at the bank, payment
refused, and notice given to the defendant. At the time of
presentment, Hurst had no funds in the bank; nor had he
funds there during the month of August, except a few cents.
All the parties resided in the city of Albany. The *declara-
tion* contained only the money counts, but copies of the
checks had been served with the declaration. The judge
ruled that the plaintiffs had not used due diligence in pre-
senting the checks. Whereupon the plaintiffs submitted to
a nonsuit, with leave to move for a new trial.

*S. Stevens,* for the plaintiffs. There was no pretence that
the defendant had sustained any injury, in consequence of the
non-presentment of the checks at the earliest possible mo-
ment, and it is only where prejudice accrues from delay in
making the presentment that the endorser is discharged. In
the absence of proof, the presumption is, there was no injury.
Considering the making and negotiation of these checks as
strictly commercial transactions, the presentment of them for
payment was made within a reasonable time. But they were
not commercial transactions; the checks were made by the
drawer and endorsed by the defendant, as *securities* for the
payment of money to be loaned by the plaintiffs; and as
such, they must be deemed to have been presented within
reasonable time. Knowing the object of the securities, the
endorser was liable as a *guarantor.*

*J. M'Kown,* for defendant. Where the parties all reside in the same place, a check must be presented on the day it is received, or, at farthest, on the next day. The *maker,* in an action against him, is bound to show injury arising from delay in presentment, but the endorser is not ; he may insist upon a strict presentment. The defendant cannot under the pleadings in this case, be held liable as a *guarantor ;* and if he could, the plaintiffs have failed to give him such notice as would charge him.

*By the Court,* SUTHERLAND, J. The question involved in this case has been so recently under the consideration of the court, in the case of *The Mohawk Bank* v. *Broderick & Powell,* 10 *Wendell,* 304,* that I deem it unnecessary to do any thing more than refer to the leading principles which are there established. The principal authorities are there collected and considered. The check on which that suit was brought was drawn by one Le Breton, on the Mechanics' and Farmers' Bank in the city of Albany, payable to the order of the defendants, and bore date the 14th January, 1830. It was drawn previous to that day, and *post-dated* and delivered to the defendants, to whose order it was payable. They transferred it by a blank endorsement before the 14th to one Myers, who on the 14th deposited it in the Mohawk Bank at *Schenectady,* where it was passed to his credit. It was sent by the plaintiffs to *Albany,* on the *third* of February following, to the Commercial Bank, who presented it for payment at the Mechanics' Bank on the 6th, when payment was refused, and regular notice given to the defendants. It was held that the plaintiffs had been guilty of *laches,* in presenting the check for payment, and that the endorsers were on that ground discharged. It was there held that the effect of the check, having been drawn and negotiated *before its date,* was merely to make it payable *on demand, on or after the day on which it purported to bear date.* It was shown, by a reference to the cases, that greater diligence was required in present-

---

*Confirmed in court for correction of errors—*ante,* 133.

ing checks for payment than had ever been required in presenting bills of exchange. The general rule, as laid down in *Murray* v. *Judah,* 6 *Cowen,* 490, is recognized, that a check is not due from the drawer until payment had been demanded from the drawee, and refused by him; but that, as between the holder and the drawer, a demand at any time before suit brought is sufficient, unless it appear that the drawee has failed, or the drawer has in some other manner sustained injury by the delay. But that as *between the holder of a check and an endorser or third person, payment must be demanded within a reasonable time.* Where there is no dispute about the facts, whether the presentment is within a reasonable time or not, is a question of law, and must in some degree depend upon the particular circumstances of each case. Where there are no peculiar circumstances in the case, the rule seems to be settled, that no laches can be imputed to the holder, if the check is presented on the day next after that on which it was given. *Richford* v. *Ridge,* 2 *Campb.* 537. *Robson,* v. *Bennett,* 2 *Taunt.* 389. 1 *Holt,* 313. *Cornell* v. *Lovet,* 1 *Hall's Sup. C. R.* 68; 6 *Wendell,* 369, *S. C.* The Chief Justice, in the opinion in *The Mohawk Bank* v. *Broderick & Powell,* after referring to these and other cases, says : " The true rule undoubtedly is, that a check, to charge an endorser, must be presented with all the despatch and diligence which is consistent with the transaction of other commercial concerns ;" and, in relation to the circumstances of that case, he remarks : " The plaintiffs received this check on the 14th January. They were in the habit of sending notes (to Albany) at other times than their periods of exchange, (which were once in three weeks,) according to the time of their falling due ; there was nothing in the nature of their business, therefore, which prevented an earlier presentment of the check in question. According to the case above referred to," he continues, " the check should have been sent on the 15th, (the day after it was received,) it would then have been presented on the 16th."

In the case now under consideration, there was a delay in presenting those three checks for payment, of 13 days on the first, 7 on the second, and 6 on the third, after they respect-

ively came to the hands of the plaintiffs, and were payable ; the drawer and the drawees, holders and endorser, all living in the same place. It certainly presents, at least, as strong a case of laches as *The Mohawk Bank* v. *Broderick & Powell.*

Upon the question of *due diligence* to charge an endorser, whether he has been prejudiced or not by the delay, is perfectly immaterial. It is not to be inquired into. The law presumes he has been prejudiced. 6 *Cowen,* 490. 3 *Johns. Cas.* 5, 259. 7 *Cowen,* 705. As between the drawer and holder, if the drawer has not sustained injury by the delay in presenting and demanding payment of the check, he will not on that ground be exonerated from its payment.

The defendant cannot be charged as a *guarantor* in this form of pleadings. Whether he would be entitled to notice, if he stood in that character, it is therefore unnecessary to consider.

Motion for new trial denied.