## Henry Warren *vs.* Henry Warren.

If a bill be drawn, accepted and indorsed by persons residing in this State, but made payable at a place within another State of the Union, the protest is competent evidence to prove the presentment of the bill and its non-payment.

Exceptions from the Court of Common Pleas, Perham J. presiding.

The action was on a bill drawn by *Sabin Pond & Co.* on *Charles Ramsdell,* which was accepted by him, and indorsed by the defendant for the accommodation of *Ramsdell,* dated *January* 25, 1836, and made payable at the *Suffolk Bank* in *Boston,* in ninety days from date. It was said in the argument, that the parties to the bill lived in *Bangor,* but the exceptions did not show where their place of residence was. The facts sufficiently appear in the opinion of the Court. The defendant objected to the admission of all the testimony offered by the plaintiff. Perham J. admitted the evidence, and instructed the jury, that the books of the witness, *Rice,* were not evidence in the case, that he might refer to them to refresh his recollection, but that he must testify on his own responsibility. The verdict being for the plaintiff, the defendant excepted.

*F. Allen,* for the defendant, contended, that this must be considered an inland bill of exchange, and that the protest therefore was improperly admitted to show a demand. However the law may be where the parties live in another State, when they all live here, the bill must be considered as inland. *Stat.* 1821, *c.* 88, *sec.* 1; 2 *Wheat.* 688, *and note; Chitty on Bills,* 12; 5 *Johns. R.* 375; 3 *Marshall,* 488; 2 *Peters,* 170. The evidence, legally admissible, was wholly insufficient to prove due notice to the indorser. 5 *Wend.* 301; 11 *Wend.* 477; 1 *Stark. Ev.* 133; 5 *Wheat.* 572; 8 *Wheat.* 324; 2 *Black. Com. Tucker's Ed.* 467, *note.*

*Rogers* and *A. G. Jewett* argued for the plaintiff, and cited *Bayley on Bills,* 15; *Chitty on Bills, 8th Ed.* 490; 2 *Peters,* 170; *ib.* 586; 4 *Leigh,* 37; *Phœnix Bank* v. *Hussey,* 12 *Pick.* 483; 5 *Mass. R.* 1; *ib.* 101; 6 *Mass. R.* 350; *Brunswick* v. *McKean,* 4 *Greenl.* 508.

The opinion of the Court was drawn up by

EMERY J. — This suit against an indorser, for the accommodation of one *Ramsdell*, is resisted, first, on the ground that the demand is upon an inland bill of exchange, and secondly, that the evidence to charge the indorser is insufficient. We have already decided, that a draft of such description as that now in controversy is to be treated as a foreign bill of exchange. For though the parties are said to live *here*, by making the instrument payable at the *Suffolk Bank*, *Boston*, out of the jurisdiction of this State, they have elected to consider it foreign. It must draw with it the consequences of being subjected to the contingencies of that character, in relation to the species of evidence, the notarial protest *there*, in order to fix the liability of the indorser. That protest is produced. The demand of payment and notice prepared and sent to the indorsers is proved by it. The testimony of *Mr. Mills*, the cashier of the *Eastern Bank*, who was an indorser, subsequent to the defendant, goes on to disclose the progress of those notices. He received the draft and protest and notice to the defendant from the *Suffolk Bank* in due course of mail, and he delivered the notice for the defendant to *William Rice*, runner and notary public, the day it was received by him and soon after. *Rice's* testimony discloses, that he was in the habit of delivering notices for the *Eastern Bank*, and though he did not remember any thing about delivering notice to the defendant in this case, yet he kept a memorandum book of notices delivered, and had no doubt he delivered a notice to the defendant on the 30th of *April;* that he remembered delivering notices to the defendant more than once, but he could not say whether they were notices of drafts coming due, or of protests, but he kept no minutes of notices of paper coming due. That all the notices from the *Suffolk Bank* are in the same form. The implication would be strong, that the notice reached the defendant. It is strengthened from the fact that he finds in his memorandum, that he notified on the same day the other parties to the bill, *Ramsdell & E. G. Moor & Co.* The defendant's witness, *Ramsdell*, testifies, that the defendant told him he had been notified, that the draft was protested.

We do not perceive, that the testimony was improperly admitted, or that any just complaint exists against the rulings of the Judge.

The testimony of *Rice, Ramsdell* and *Mills,* with the protest, will warrant the conclusion to which the jury came, and we see no reason for disturbing the verdict.

*Exceptions overruled.*