No. 49.—FRANCIS DANIELS, plaintiff in error, *vs.* KYLE and BARNETT, defendants in error.

As between the holder of a banker's check and the endorser, it ought to be presented for acceptance with due diligence. But as between the holder and the drawer, a demand at any time before suit brought will be sufficient, unless it appears that the drawee has failed, or the drawer, in some other manner, has sustained injury by the delay.

This was an action of assumpsit, tried before Judge Alexander in the Superior Court of the county of Muscogee, at May Term, 1846. It was predicated upon a banker's check, drawn by the defendants, Kyle and Barnett, upon the bank of Columbus, for $524, in favor of L. Gambrill or order, and was endorsed by him to the plaintiff. The check bore date the 15th day of Jan. 1842, and was not presented for payment, or notice given the drawers of the non-payment, until the 15th day of April thereafterwards.

At the trial term, after the case was called for trial, the court below permitted the defendants' counsel to file a plea to the merits of the case, to which the counsel for plaintiff excepted.

The counsel for plaintiff then introduced in evidence the certificate of protest of the notary public, showing the demand and notice, three months after the drawing of the check, &c. The defendants' counsel then moved for a nonsuit, which was granted by the court below, upon the ground that the plaintiff could not recover upon the check sued on, because it had not been presented for payment within reasonable time. To which the plaintiff's counsel excepted.

JOHN SCHLEY, for the plaintiff in error, contended :

1st. The court below erred in permitting the defendants' counsel to file a plea to the merits at the trial term, after the case was called for trial, and cited *Hotchkiss*, 570, 572.

2d. The court below erred in deciding that the plaintiff could not recover, and in granting a nonsuit, and cited *Ex parte Brown*, 2 *Story Rep.* 502 ; *Murray* vs. *Judah*, 6 *Cowen Rep.* 490 ; *Story on Promissory Notes and Checks*, 620 *to* 632 ; 6 *Boston Law Rep.* 508 ; *Conroy* vs. *Warren*, 3 *Johns. Cas.* 25 *to* 265.

HINES HOLT, for the defendants in error, cited the following authorities in support of the decision of the court below, to wit : 3 *Stewart's Ala. Rep.* 172, 185 ; *Chitty on Bills*, 274–5, 323.

*By the Court*—NISBET, Judge.

This was an action in favor of an endorsee of a check drawn by the defendants upon the bank of Columbus. Demand and notice to the drawers were proven to have been made, three months after date of the check. A motion was made by defendants' counsel for a nonsuit, upon the ground that the plaintiff had not proven presentation for payment, and notice to the drawers, within reasonable time ? Upon this motion, a nonsuit was awarded, and thereupon error is assigned. The only question for us to determine is, whether the drawer of a banker's check is entitled to demand and notice within reasonable time. If he is, it is conceded that the notice in this case, three months after the date of the check, payable presently, was not within reasonable time.

Bankers' checks partake somewhat of the nature of bills of exchange, and they also differ from them in several material particulars. They are negotiable, and as between the holder and the endorser, the same rules apply, which regulate the rights and liabilities of the holder and endorser of notes or bills. A check differs from a bill of exchange in these things, to wit : it has no days of grace, and requires no acceptance, distinct from prompt payment. The drawer of a check is not a surety, but a principal debtor ; he is an original undertaker to pay, and the check is the evidence of his contract ; it is an appropriation of so much money, belonging to the drawer in the hands of the drawee, to the holder, there to remain until called for. The drawer has no right to complain of the holder letting it remain in the hands of the drawee ; and he has no right to complain of its not being presented for payment, unless, before presentment, the drawee has failed, or in some other way, by reason of the holder's failure to present, he has sustained injury. There is some conflict of authority upon this subject, but, after all, *it is*

20

more apparent than real. The rule is distinctly laid down by Chancellor Kent, in these words : " As between the holder of a check and the endorser, it ought to be presented for acceptance with due diligence, (2 *Campb.* 537 ; *Holt* 313, *note ;* 2 *Martin's Louis. Reps.* 327 ; 10 *Wendell,* 304 ; 3 *Kent,* 88 ;) but as between the holder and the drawer, a demand at any time before suit brought will be sufficient, unless it appears that the drawee has failed, or the drawer has in some other manner sustained injury by the delay."—3 *Kent's Com.* 88 ; 4 *Johns. Cas.* 5 ; *ib.* 259 ; 9 *Barnw.* and *Cress.* 388 ; 6 *Cowen,* 490 ; 10 *Wend.* 306 ; 3 *Kent* 104, *note,* 5th ed. The failure to make demand within reasonable time, is at the risk of the holder, and some of the authorities go the length of saying, that the onus of showing that the drawer has sustained no loss by the delay lies on the holder. The rule, as above stated, is sustained by Justice Story, in his treatise on notes and checks ; the whole doctrine is fully and ably reviewed by him. —*Story on Notes and Checks,* 620 to 632. It is also reviewed and settled, according to the rule above, in a late case, reported in 2 *Hill's N. Y. Reps.*—*Little* vs. *Phenix Bank,* 2 *Hill's Reps.* 425 ; see also 13 *Wend.* 549 ; 6 *Wend.* 445 ; 1 *Hall,* 68 ; 2 *Hale,* 463. Let the judgment of the court below be therefore reversed on the second ground, the first being abandoned.