Mr. Justice Mao Arthur
delivered the opinion of the-court:
A jury was waived in this case, and a statement of the facts proved at the trial has been made by the court.
It appears the court found the fact to be, that the check in question was presented the day after it was received, and payment refused. It is now well settled that, in respect to a check on a banker, no negligence can be imputed to the-holder if he demands payment on the day following that in which he received it. According to this rule, the defendant used all the dispatch and diligence required by the law in regard to the matter of presentment. In Deener vs. Brown, 1 MacA., 350 ; this court decided, that if the holder of a check delays in presenting it, and in mean time the bank fails,, the loss will be his, and not that of the drawer. By an application of the same principle it ought also to be held that if payment is refused, and notice is not given to the drawer,, and if the holder retain possession of the check and meanwhile the banks fails the loss should also fall upon the holder. In the case under consideration it is stated that the savings-bank did not close its doors for three day after such refusal, and during that period was paying all checks presented at its counter, and would have paid this check if it had been presented. If the fact of dishonor had been communited to the plaintiff on the day when payment was demanded,, or on the one following, it would have afforded a reasonable opportunity to make arrangements for the protection of the deposit. A bank-check is said in many of the cases to resemble a bill of exchange. Harper vs. Anderson, 21 Wend., 372 ; Deener vs. Brown, 1 MacA., 350; Cruger vs. Armstrong, 3 Johns. Cases, 5; Boehm vs. Sterling, 7 T. R., 419, where Lord Kenyon said that the same rules apply to both.
It is therefore necessary that the check should be presented for. payment, like a bill, before the drawer can be sued. Indeed they are not due at all until payment is demanded. *253 The drawer of a bill of exchange is entitled to notice of presentment and non-acceptance or non-payment; and the same principle is applied to the drawer of a check when the latter seeks to protect himself from the laches of the holder. In Gough vs. Staats, 13 Wend., 549; the old supreme court of New York said: “The general rule, as laid down in Murray vs. Judah, 6 Cowen, 490, is recognized, that a check is not due from the drawer until payment had been demanded from the drawee and refused by him; and that, as between the holder and the drawer, a demand at any time before suit is brought is sufficient, unless it appears that the drawee has failed, or the drawer has in some other manner sustained injury by the delay.” And the same court, in Ranker vs. Anderson, decided that an action does not lie on a bank-check against the drawer until after notice of presentment and non-payment.
It is, therefore, a recognized principle that the maker of a bank-check and of a bill of exchange stand in a position of liability that is quite similar, and that the holder of such instruments will discharge the drawer if it appear that the latter has sustained any injury by his delay or negligence. In the present case the demand was made on Saturday, but notice was not given until Wednesday of the following week, and even then only verbally, to the book-keeper or general agent of the plaintiff, who happened to be in the defendant’s bank on that day, and he communicated the information to the plaintiff, after banking-hours, in the evening. Next day, about noon, the savings-bank closed its doors and suspended business. There can be no doubt that the laches which occasioned the loss is to be imputed to defendant. Good faith required that notice should at once be given to the plaintiff. A run was made upon all the banks, and it was a period of great financial embarrassment. Under these circumstances the delay in giving notice of the non-payment of the check, and the loose and irregular manner in which it was communicated, indicate very great, if not gross, negligence on the part of the defendant. The loss then occasioned must be borne by it. Without expressing an opinion as to whether the defendant made the check its own in the first instance, we all think that plaintiff is entitled to j udgmeut.
Judgment, affirmed.