## Thomas Travers, et al., v. T. M. Sinclair & Company.

### Gen. No. 4,495.

1. INDORSER—*when delay in presenting discharges.*  Held, that a delay of five days in presenting a check for payment was, under the facts of this case, sufficient to discharge the indorser of liability.

2. INDORSER—*what not essential to discharge of.*  It is not essential that an indorser should have suffered actual damage by the delay of the indorsee in presenting a check for payment in order that such indorser be discharged from liability.

Action of assumpsit.  Appeal from the County Court of Peoria County; the Hon. WILBERT I. SLEMMONS, Judge, presiding.  Heard in this court at the April term, 1905.  Affirmed.  Opinion filed August 1, 1905.

ARTHUR KEITHLEY, for appellants.

COVEY & COVEY, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

This suit was brought by appellants in the County Court of Peoria County, to recover of appellee as indorser of a check for $112.93, drawn by Anderson & Co. on the Bank of Farmington, payable to appellee. Appellants are engaged in conducting a banking business in the town of Fairview, Illinois, under the name of Fairview Banking Company. Appellee is a corporation engaged in selling meats, and having its principal office at Cedar Rapids, Iowa, with a branch house in Peoria, Illinois. On the 31st day of May, 1904, a traveling salesman of appellee, while at Farmington, Illinois, received a check from Anderson & Co., customers of appellee residing at that place, for $112.93, drawn on the Bank of Farmington, which was in the town of Farmington, payable to appellee. Kinsinger, the traveling salesman of appellee, did not present the check to the Bank of Farmington on which it was drawn, but on the following day, June 1st, presented it to appellants at their banking house in Fairview. The check bore the indorsement of appellee, and appellants gave appellee's salesman a draft payable to the order of appellee for the full amount thereof. Appellants sent the check with others, by mail, on the same day it was received, to their correspondent, The First National Bank of Peoria. That bank indorsed the check and sent it to its correspondent in St. Louis, who indorsed it and forwarded it to its correspondent in Chicago, where it was again indorsed on the 4th day of June and sent to a bank in Galesburg, and by the Galesburg bank sent to the Bank of Farmington for payment, which being refused, the check was returned through the same channels until it reached appellants, about the 14th day of June. Appellants' cashier testified he at once wrote appellee, and in response to the letter, Mr. Kinsinger, the traveling salesman, called the bank up by telephone and requested the check to be sent to appellee's branch house in Peoria, which was done. The assistant cashier of appellants testified he did the talking with Kinsinger, and that he said if they would present the check

at appellee's branch house in Peoria it would be paid. When it was presented there, however, the manager said he had no instructions to pay it and could not do so without orders from his house. The check was then placed in the hands of appellants' counsel for collection, who called up appellee's office in Peoria and informed the manager by telephone of his having the check for collection, and that if not paid he would bring suit. He testified the manager replied, requesting him not to sue and saying he had advices from Farmington that if the check were sent there the bank at that place would pay it; that at the request of said manager, he sent the check to the Farmington bank, but payment was refused and the check returned. Appellants' counsel testified he again called up appellee's manager in Peoria and told him these facts, and that he would sue at once if the check was not paid, and that the manager replied his company would, of course, have to pay it, but that he had not been authorized to do so. Suit was thereupon brought to recover of appellee as indorser. A jury was waived and the cause tried by the court, resulting in a judgment in favor of defendant, from which this appeal is prosecuted.

The evidence shows the reason for refusal to pay the check by the Farmington bank was that the drawers had no funds there. The principal question involved in the case is, whether the delay on the part of appellants in presenting the check to the bank on which it was drawn released the indorser from liability. Farmington is twelve miles from Fairview, with daily mails between the two towns. They are also connected by telephone and telegraph lines. The exact day of the presentment of the check to the Bank of Farmington is not shown by the testimony. It was indorsed by the American Trust & Savings Bank of Chicago to the Farmers & Merchants Bank of Galesburg, Illinois, June 4th, and presumably was forwarded to Galesburg on that day, so that it would probably reach the Bank of Farmington about the 6th of June. Appellee contends this was unreasonable delay and resulted in the absolute discharge of

the indorser from any liability whatever, and this was the view of the trial court, though no propositions of law were asked or held. The weight of authority supports the finding and judgment of the court. This question was involved in the case of Brown v. Schintz, 202 Ill. 509, where, in discussing it, the court said: "All parties agree that the bank being located and all parties interested residing in the same city, it was the duty of the payee or his assignees (the same diligence being required of the assignees as of the drawee) to present the checks to the bank for payment on the same day, or, at farthest, the next day, after they were delivered and indorsed, within banking hours, and that the failure to do so absolutely discharged the indorser, Brown." In that case the checks were drawn on Friday, July 16th, but were not presented for payment until Monday, the 19th, when payment was refused. The proof shows that at the time the checks were drawn, the drawer had sufficient funds in the bank to pay them and they would have been paid if they had been promptly presented. Before they were presented, the drawer made an assignment, after which the bank refused to pay the checks. The rule laid down by the Supreme Court in that case, however, is not made to depend on the fact as to whether the drawer had funds subject to check at the time they were drawn, although it is not said so in express language, because in that case it was unnecessary. The law, however, as to indorsers, is as laid down by the Supreme Court, independently of whether as a matter of fact, the indorser is injured by the failure to make due presentment of the check. In 5th Am. & Eng. Ency. of Law, page 1044, the rule as affecting the drawer of a check is stated to be, that failure to make due presentment does not discharge him, unless he has suffered loss thereby, but on page 1045 is said: "This rule, however, does not apply to the indorser, but if presentment be not made within a reasonable time, and notice of dishonor be given, the indorser is absolutely discharged, regardless of the effect upon the drawer even though the indorser has suffered no injury thereby." In discussing the same ques-

Travers v. T. M. Sinclair & Co.

tion, Tiedeman, on Commercial Paper, section 442, says: "The rule is different with regard to endorsers. They are discharged whether they have suffered any damage or not from the failure to make due presentment and give the notice of dishonor within a reasonable time." On page 265, Benjamin's Chalmer's Digest, it is said: "It is well settled in America that he (the endorser) is discharged by the omission to present within a reasonable time, irrespective of actual damage." The same rule is announced in numerous adjudicated cases, some of which are the following: Gough v. Staats, 13 Wend. 549; Mohawk Bank v. Broderick, 10 Wend. 304; First National Bank of Wymore v. Miller, 37 Neb. 504; N. W. Coal Co. v. Bowman & Co., 69 Iowa 150; Carroll v. Sweet, 13 L. R. A. 43. As to what is a reasonable time for presentment of an indorsed check and notice of dishonor in order to hold the indorser, depends to some extent upon circumstances and the conditions existing. If a check is received in the same town as the bank on which it is drawn is located, the law is that it must be presented either on the same day or not later than the next. If the check is received in one place, drawn on a bank at some other place, then it must be forwarded not later than the day after it is received, for presentment to the bank on which it is drawn, and this appears to mean that it must be forwarded directly. Forwarding by a circuitous route may, as a general rule, be said to constitute negligence. See 5th Am. & Eng. Ency. of Law, pages 1042 and 1043, and cases cited. Under these authorities, it clearly appears the check in this case was not presented in due time.

It is also insisted that appellants had been accustomed for sometime to receive from appellee's representative indorsed checks in the same manner as this one, and forward them through their correspondents, as was done in this case, until they reached the bank upon which they were drawn, and that, therefore, this was a course of business established. It does not appear, however, that appellee had any knowledge of the methods adopted by appellants in presenting the indorsed checks, and they, therefore,

could not be held to have consented to it. It is further insisted, also, that appellee promised to pay the check when informed it had been returned to appellants dishonored, and that they are bound by that promise. The evidence fails to show that anybody having authority to do so ever made any such promise. There is no evidence that Kinsinger, who was a traveling salesman for appellee, had any such authority, and it cannot be reasonably insisted that the manager of the Peoria branch house ever made such promise. It appears from the evidence he said to appellants' counsel that his house would have to pay it, but this was a mere expression of opinion as to liability, rather than a promise to pay. In connection with this same statement, and on more than one occasion, he refused to pay it, because he said he had no authority from appellee to do so; but even if it were shown that Kinsinger had authority to bind appellee by the promise, it does not appear from the evidence that he knew anything about the delay in presenting the check for payment. The date on which it was testified he said the branch house in Peoria would pay it, was June 14th, and in order to make the promise binding, it should appear that he was fully informed of all the facts. Morgan v. Peet, 32 Ill. 281; Parks v. Smith, 155 Mass. 26; Low v. Howard, 11 Cush. 268.

The judgment of the trial court appears to be in accordance with the great weight of authority, and it is therefore affirmed.

*Affirmed.*