## Sublette Exchange Bank, Appellee, v. Martin J. Fitzgerald, Appellant, et al.

### Gen. No. 5561.

1. APPEALS AND ERRORS—*effect of failure to abstract pleadings.* If pleadings are not abstracted the Appellate Court will assume that they are sufficient to support the judgment.

2. NEGOTIABLE INSTRUMENTS—*rule requiring direct forwarding defined.* By requiring that a check be forwarded directly to the bank upon which it is drawn the rule does not mean that the check shall be sent in a direct line as a bird might fly, but by the usual commercial route.

3. NEGOTIABLE INSTRUMENTS—*how proof of demand for payment, etc., made.* Demand for payment, refusal, protest and notice of protest may be proved by the certificate of a notary public under his notarial seal.

4. NEGOTIABLE INSTRUMENTS—*to what classification check belongs. Held,* that the check in question in this case was a foreign bill of exchange.

5. NEGOTIABLE INSTRUMENTS—*effect of illegible endorsement.* An illegible endorsement excuses notice of protest.

6. JUDICIAL NOTICE—*of what taken.* The court will take judicial notice of the geographical features of Illinois and other states and countries so far as the same may be fairly presumed to be within the general knowledge of persons of ordinary intelligence living in Illinois.

Assumpsit. Appeal from the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed April 25, 1912.

BROOKS & BROOKS, for appellant.

WOOSTER & EDWARDS, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Martin J. Fitzgerald appeals from a judgment of the Circuit Court of Lee county against himself and Granville Miller as endorsers of a check dated at Plainview, Texas, November 3, 1909, and drawn on

the First National Bank of Plainview, Texas, by Harrison Miller, to the order of Granville Miller. The pleadings are not abstracted and we therefore assume that they are sufficient to support the judgment. The record shows that Miller was defaulted and that appellant pleaded *non assumpsit* and a verified plea denying that he made and delivered the writing declared upon. Appellant testified that he did not endorse the note and was not in the bank when it was endorsed and cashed. There is a clear preponderance of the proof that on November 6, 1909, appellant and Granville Miller came into the Sublette Exchange Bank together; that Miller endorsed the check and presented it to the clerk in charge, who said he did not know him; that Miller said appellant would identify him; that the clerk asked appellant if he would endorse the check; that he said he would and took it and wrote upon the back thereof and handed the check back to the clerk and the clerk handed to appellant the amount of the check and the parties went away, and, so far as the clerk knew, appellant took the money away with him. On this subject the verdict against appellant was justified by the proof.

It is contended that appellant is released because the check was not forwarded to Plainview, Texas, by the most direct route nor with sufficient promptness. The check was cashed in the afternoon of Saturday, November 6th, at Sublette, in Lee county, nearly due west of Chicago. Appellee sent it to the Corn Exchange Bank of Chicago that afternoon or evening, where it was received on Monday, November 8th, and on the same day it was sent by that bank to the Fort Worth National Bank of Fort Worth, Texas. It was received there on November 10th, and sent to the First National Bank of Plainview, Texas, where it was protested on November 13.

In Travers v. T. M. Sinclair & Co., 122 Ill. App. 203, we said: "As to what is a reasonable time for

presentment of an indorsed check and notice of dishonor in order to hold the endorser, depends to some extent upon circumstances and the conditions existing. If a check is received in the same town as the bank on which it is drawn is located, the law is that it must be presented either on the same day, or not later than the next. If the check is received in one place, drawn on a bank at some other place, then it must be forwarded, not later than the day after it is received, for presentment to the bank on which it is drawn, and this appears to mean that it must be forwarded directly. Forwarded by a circuitous route may, as a general rule, be said to constitute negligence.''

We followed this rule in First National Bank of Chadwick v. Mackey, 157 Ill. App. 408. Appellant relies upon these cases. A comparison of the facts there with those in this case will show that they are entirely unlike. By requiring that the check be forwarded directly to the bank upon which it is drawn, the rule above stated does not mean that it should be sent in a direct line as a bird might fly, but by the usual commercial route, and the proof here shows that this was sent by the customary route. We cannot say that it was improper to send it to Chicago. A small bank, as this was, would not be likely to have a correspondent at Fort Worth. No proof need be introduced of any fact of which the court will take judicial notice, and the court will take judicial notice of the geographical features of this and other states and countries, so far as the same may be fairly presumed to be within the general knowledge of persons of ordinary intelligence living here. Reynolds' Stephen's Digest of the Law of Evidence, Arts. 58 and 59. The court therefore takes judicial notice that Plainview is in the Panhandle of Texas, and that Forth Worth is the nearest large city and is on a railroad line having direct connection with Chicago, and that, according to recent maps before the court, there is no railroad

connection to Plainview, and that Plainview is a long distance from Fort Worth. There certainly was no delay between Sublette and Fort Worth, and we are of opinion that there appears to have been no unreasonable delay between Fort Worth and Plainview, and that, if the court had given the second instruction which appellant requested and the court refused and the jury had thereunder found for appellant, the verdict could not have been sustained.

The demand for payment, refusal, protest and notice of protest was proved only by the certificate of protest by a notary public of Hale county, Texas, under his notarial seal. It is argued by appellant that that proof was incompetent. Prior to the Negotiable Instruments Law of 1907 there seems to have been a distinction in Illinois between a check and a bill of exchange. The instrument here sued upon is governed by the latter Act. Section 184 thereof, omitting one word, evidently inserted by mistake, is as follows:

"A check is a bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided, the provisions of this act applicable to a bill of exchange payable on demand apply to a check."

Section 128 of said Act is in part as follows:

"An inland bill of exchange is a bill which is, or on its face purports to be, both drawn and payable within this State. Any other bill is a foreign bill."

This is in accordance with the Law Merchant. Buckner v. Finley, 2 Pet. 586. Therefore, under the statute now in force and in force when this check was drawn in Texas, payable in Texas and was endorsed in Illinois, this is a foreign bill of exchange. Under section 88 of said Act notice of dishonor must be given to the endorser to charge him. Under Article IV of said Act a foreign bill of exchange must be protested for non-payment, and the protest must be annexed to the bill or must contain a copy thereof,

and must be under the hand and seal of the notary making it and must contain certain facts therein specified. It is the obvious meaning of that Article that the certificate of protest, so required to be annexed to the bill under the hand and seal of the notary making it, is intended to be evidence of the facts therein required to be stated. Our Negotiable Instruments Law is intended as a codification of the Law Merchant. By the Law Merchant the certificate of protest of a foreign bill of exchange was competent evidence, and, in many jurisdictions, if the certificate was in existence and obtainable, it was the only evidence of the dishonor of the bill. Bigelow on Bills, Notes and Cheques, 2nd Ed. 130; Administrator of Townsend v. Lorain Bank, 2 Ohio St. 345; Ocean National Bank v. Williams, 102 Mass. 141. This is the rule in Maine under a statute. Warren v. Warren, 16 Me. 259; Lewiston Falls Bank v. Leonard, 43 Me. 144. Appellant relies upon Vaughan v. Potter, 131 Ill. App. 334. That case was on a promissory note payable in Missouri, and was decided before our Negotiable Instruments Law was enacted. It was there held that promissory notes and inland bills of exchange cannot be protested under the Law Merchant, but the principle governing the case before us is there expressly distinguished in the following language: "A foreign bill of exchange must on dishonor be protested to hold the indorsers, and the states of the American Union are foreign to each other for the purposes of this law. The notarial certificate of protest by a foreign notary is, in the case of such instruments, not only evidence of the presentment, dishonor and notification of indorsers, but frequently the only evidence allowable by the law merchant."

We are therefore of opinion that protest, nonpayment and notice were properly proved by the notary's certificate of protest under his hand and official seal.

That which appellant wrote on the back of this check proved to be illegible. The notary sent a notice to the name by which he interpreted that writing, but it was not the name of appellant and did not reach appellant. The marks upon the back of the note made by appellant have been presented to the court by a fac-simile as near as the clerk could make it, and it cannot be read. Appellee, under the proofs, had a right to rely upon it as the signature of appellant but we are of opinion that under section 158 of the statute aforesaid notice to appellant was excused by the fact that his endorsement on the back of the check was illegible.

The judgment is therefore affirmed.

*Affirmed.*