## No. 4831.

CAROLINE RICHARDSON, Wife of A. PISEROS *v.* E. R. CHEVALLEY et als.

The surety on the injunction bond being condemned to pay no damages, has manifestly no interest in the appeal which the plaintiff has taken, the court *a qua* having dismissed the suit on the exception of no cause of action, and the injunction being dissolved without damages, reserving to defendant the right to claim the same on a separate action on the bond.

The decision of this court in this appeal can in no manner affect the surety on the injunction bond, wherefore it would be a vain thing to make him a party to the appeal.

It appears from the record that the property claimed by plaintiff was seized and sold at the suit of Marie Jeanne Piseros and bought by Chevalley, one of the defendants. It was originally purchased in the name of plaintiff, but this was done during her marriage, as her husband appears as a party to the act authorizing the purchase. The property so purchased must, in the absence of anything being shown to the contrary, be considered community property, and liable for the community debts.

It is moreover shown that the wife was a party to an act of mortgage by her husband of this same property in favor of Marie Jeanne Piseros, to secure the payment of the purchase price of the same, and fully renounced her rights on the property.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J. R. King Cutler, A. J. Steele,* for plaintiff and appellee. *E. Howard McCaleb, Octave Morel,* for defendants and appellees.

### ON MOTION TO DISMISS.

WYLY, J.. The plaintiff sued to set aside the adjudication to the defendant E. R. Chevalley of the property described in the petition, and to be decreed the owner thereof. She also injoined the defendants from dispossessing her of said property. On the exception that the petition discloses no cause of action, the court dismissed the suit and dissolved the injunction without damages, reserving to the defendant in a separate action the right to claim damages on the injunction bond. From this judgment the plaintiff appeals.

The defendants now move to dismiss the appeal, because the surety on the injunction bond is not made party thereto, the fault being im-

putable to the plaintiff who only prayed in his petition for appeal that the defendants be cited. In support of this motion they cite the cases of Pecoul v. Perret, 20 An. 70, and Avegno v. Johnston, 22 An. 400.

The case at bar is different from those cited. Here the suit was dismissed on the exception of no cause of action, and the injunction dissolved, reserving to the defendant the right to claim damages in a separate action on the bond.

The surety condemned to pay no damages, has manifestly no interest in the appeal which the plaintiff has taken with a view to have the judgment reversed which dismissed her suit. The decision of this court in this appeal can in no manner affect the surety on the injunction bond. Therefore it would be a vain thing to make him a party to the appeal.

The motion to dismiss is therefore denied.

### ON THE MERITS.

TALIAFERRO, J. The plaintiff injoins the defendant from taking possession of certain lots of ground seized and sold under execution issued on a judgment rendered against her husband in favor of Marie Jeanne Piseros. She alleges that the property seized belongs to her as her separate paraphernal estate; that the said property was under execution by the sheriff without notice to her, and the first knowledge she had of its having been sold was a notice served upon her by the defendant Chevalley to vacate the premises as he had purchased the property at the sheriff's sale. She prays citations to the parties in interest and that the sale and adjudication of the property be annulled and avoided, that she be decreed the owner of the two lots and buildings thereon so illegally seized and sold, and that she be maintained in the possession of the same. The plaintiff sets up numerous grounds on which she alleges her right to have the proceedings thrown out in relation to the illegal sale of her property.

The defendant excepts that the plaintiff has no cause of action, and prays that all her allegations set forth in the petition be stricken out and set aside, and that he be dispensed from answering, and that so much of the plaintiff's petition as prays for judgment forbidding the further execution of the judgment under which the property was seized, be also set aside, dismissed and stricken out; and he prays for general relief. The exception was sustained, and the plaintiff's suit dismissed. Judgment was in like manner rendered against the plaintiff dismissing her suit on exception of Marie Jeanne Piseros, made a party defendant. From these judgments the plaintiff appeals.

It appears from the record that the property in question although purchased in the name of the wife was purchased during her marriage,

as the husband appears as a party to the act authorizing the purchase; and the property so purchased must, in the absence of anything being shown to the contrary, be considered community property, and liable for the community debts.

It is moreover shown that the wife was a party to an act of mortgage by her husband of this same property in favor of Marie Jeanne Piseros to secure the payment of the purchase price of the same, and formally renounced all her rights upon the property. The plaintiff has failed to make out her case.

Judgment affirmed, with costs in both courts.

Rehearing refused.