SAMUEL B. DONOVAN & another *vs.* JOSEPH A. DONOVAN & another.

Suffolk.   October 19, 1915. — February 12, 1916.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice,* Appeal. *Words,* "A party aggrieved."

Under R. L. c. 159, § 19, amended by St. 1911, c. 284, § 1, one of two defendants in a suit in equity cannot appeal from a final decree which as to him orders that the bill be dismissed, he not being "a party who is aggrieved" by such decree.

Under R. L. c. 159, § 19, as amended by St. 1911, c. 284, § 1, a defendant in a suit in equity, as against whom a bill is dismissed by a decree that orders his co-defendant to pay a sum of money to the plaintiff, is not "a party who is aggrieved" by such decree, from which his co-defendant does not appeal, by reason of the fact that he may be affected by the decree because he is a joint obligor with his co-defendant on a bond dissolving an injunction in the same suit.

CARROLL, J.   This is a suit in equity by Samuel B. Donovan against Joseph A. Donovan and William Kirby. An injunction

issued, which was dissolved upon the filing of a bond executed by the defendants with surety in favor of the then plaintiff. Later Annie M. Donovan was joined as a plaintiff. On the report of the master to whom the case was referred, a decree was entered* ordering the defendant Joseph A. Donovan to pay the plaintiff Samuel B. Donovan the sum of $6,782.59, and to pay the plaintiff Annie M. Donovan the sum of $512.81. No appeal was taken by the defendant Donovan. The decree ordered the bill dismissed as to Kirby, and from this decree Kirby appeals.

"A party who is aggrieved by a final decree of a justice of the Supreme Judicial Court or a final decree of the Superior Court may . . . appeal therefrom." R. L. c. 159, § 19. St. 1911, c. 284, § 1. See *Griffin* v. *Griffin,* 222 Mass. 218. Where a finding is in a party's favor, he is not a person aggrieved and cannot appeal. *Langley* v. *Conlan,* 212 Mass. 135, 140. *Smith* v. *Dickinson,* 140 Mass. 171. *Hayden* v. *Stone,* 112 Mass. 346.

The liability of Kirby, if any, as a joint obligor of the bond to Samuel B. Donovan, see *Prior* v. *Pye,* 164 Mass. 316, does not make him a party who is aggrieved by the decree. The statute gives the party to the suit the right to appeal from an adverse decree, and he must be aggrieved as a party, and not collaterally, in order to exercise this right. The surety on a bond is not a party to the suit and of course cannot appeal; and because as one of the obligors of the bond Kirby may be affected by the decree, he is not given the right of a party to appeal therefrom. *Estate of McDermott,* 127 Cal. 450. *Berthold* v. *Fox,* 21 Minn. 51. *Shaw* v. *Humphrey,* 96 Maine, 357. *Richardson* v. *Chevalley,* 26 La. Ann. 551. *Lake Bisteneau Lumber Co. Ltd.* v. *Sheriff,* 49 La. Ann. 1294. *Farrar* v. *Parker,* 3 Allen, 556, arose under Gen. Sts. c. 117, § 8, now R. L. c. 162, § 9, giving to a person aggrieved by a decree of the Probate Court the right to appeal, it was there decided that the surety on a guardian's bond came within the meaning of the statute and was a person aggrieved by the decree, although not a party to the proceeding, the court explaining that probate appeals include "a wider range of persons than those entitled to an appeal in other courts." In the case at bar Kirby may be a person aggrieved, but his grievance, if any, against the decree arises out of the fact

---

* In the Superior Court, by order of *Wait,* J.

that he signed and executed a bond, not because he is a party to the suit.

*Appeal dismissed.*

*W. A. Parker,* for the defendant Kirby, submitted a brief.
*M. H. Sullivan,* for the plaintiff.