WILLIAM KIRBY *vs.* SAMUEL B. DONOVAN & another.

Suffolk.   November 22, 23, 1916. — September 12, 1917.

Present: RUGG, C. J., LORING, DE COURCY, & CROSBY, JJ.

*Jurisdiction.   Equity Jurisdiction,* To restrain enforcement of bond to dissolve injunction in another suit, To avoid alleged collusive decree.

If a plaintiff in a suit in equity can show that a certain decree made in another suit in equity was erroneous, that does not tend to show that the court which made the erroneous decree had no jurisdiction to make it.

In a suit in equity to enjoin the defendants from enforcing a bond, given to dissolve an injunction in another suit and signed by the plaintiff as principal and by a corporation as surety, it does not help the plaintiff to show that the bill in equity on which the injunction was granted was amended without notice to the surety, if the amendment was immaterial because the injunction was granted on the allegations of the original bill as it stood before the amendment.

In a suit in equity to enjoin the defendants from enforcing a certain bond given to dissolve a temporary injunction in another suit and signed by the plaintiff as principal, on the ground that the interlocutory decree granting the temporary injunction was void because procured by collusion, the plaintiff sought to make out the alleged acts of collusion and conspiracy wholly by circumstantial evidence, there being no direct evidence on the subject, and the single justice who heard the case found that the defendant in the other suit had determined in some way to injure the plaintiff in the present suit financially, but he did not find that the plaintiff in the other suit had conspired with the defendant in the other suit to carry that determination into effect, and for that reason ordered that the bill be dismissed.   Upon an appeal by the plaintiff, on a review of the evidence, it was *held* that the finding of the single justice was correct and must stand.

BILL IN EQUITY, filed in the Supreme Judicial Court on March 4, 1916, praying that the defendant Samuel B. Donovan be restrained from bringing or maintaining any action at law against the plaintiff as principal or against the New England Casualty Company as surety upon a bond to dissolve a temporary injunction granted in a suit in equity brought by the defendant Samuel B. Donovan against Joseph A. Donovan and the present plaintiff, as described in the opinion.

The case was heard by *Carroll*, J., who made a memorandum of decision, containing the findings that are stated in the opinion. He ordered that the bill be dismissed. The plaintiff made requests for findings and rulings, and the single justice made an order upon these requests in which he refused to make certain of the findings and rulings requested. The plaintiff appealed from this order. Later the justice made a final decree ordering that the bill be dismissed without costs. From this decree the plaintiff appealed, the evidence being reported as taken by a commissioner appointed under Chancery Rule 35.

*H. Bergson*, (*W. A. Parker* with him,) for the plaintiff.

*A. T. Smith*, (*M. H. Sullivan* with him,) for the defendant Donovan.

LORING, J. This is an appeal from a decree dismissing a bill brought to enjoin the defendant Samuel B. Donovan from enforcing a bond to dissolve an injunction signed by the plaintiff Kirby as one of the principals and by the New England Casualty Company as surety.

The facts are these: In November, 1912, the defendant Samuel B. Donovan brought a bill in equity in the Superior Court alleging that he was entitled to a one quarter interest in the profits of a real estate partnership for buying, developing and selling four specific parcels of land therein described; that Joseph A. Donovan, (brother of Samuel B. Donovan, the plaintiff in that bill,) managed the affairs of the partnership, receiving all moneys due it and paying all obligations incurred by it; that the title to the four parcels was originally taken by Joseph; that Joseph kept the title to one parcel throughout but that he conveyed the title to the other three to Kirby; that Joseph A. Donovan was entitled to a one quarter interest and that Kirby was entitled to the other one half interest in the profits of the partnership. It further was

alleged that the plaintiff's one quarter interest in one of the four parcels was assigned by him to his wife and by a later amendment she was made a party plaintiff. The bill sought an accounting for the one quarter interest owned by the plaintiff (Samuel) in the three parcels and that owned by his wife in the fourth parcel. When the bill was filed an "ad interim" injunction issued restraining Joseph and Kirby from parting with the title to any one of these parcels of the land. By its terms the "ad interim" injunction was to be continued until a stipulation was filed by the defendants. In place of filing a stipulation, the defendants (Kirby and Joseph A. Donovan, with the New England Casualty Company as surety,) gave the bond here in question to dissolve the injunction. The condition of the bond was for payment "to the complainant in said Bill in Equity" of the amount of any decree which he may recover in said suit within thirty days after the entry thereof. The case was sent to a master. The main issue originally tried before the master was the extent of the partnership agreement. At the original hearings before the master Samuel's one quarter interest in the parcel which was the subject of the assignment to his wife was admitted, but both Joseph and Kirby denied his interest in the other three parcels of land. The master filed a report in favor of the plaintiffs, establishing the plaintiffs' right to a quarter interest in all four parcels of land, but he did not find the amount of the profits to which they were entitled. Thereupon the case was recommitted to the master, and by his supplemental report the master found that Samuel's wife would have received as her share of the profits of the parcel of land to which she was entitled "if the defendant Joseph A. Donovan had fully performed his contract with her or for her benefit" $512.81 beyond the amount that she had received. With respect to the other three parcels he made a similar finding in favor of Samuel in the sum of $6,782.59. Later a final decree was entered dismissing the bill as to the defendant Kirby and directing the defendant Joseph A. Donovan to pay to the two plaintiffs respectively the two sums mentioned above. No appeal from this decree was taken by Joseph. Nor did Kirby take an appeal in Joseph's name on the ground that as a person made liable if Joseph was liable he had a right to be heard on Joseph's liability.

Kirby did undertake to take an appeal as a party to the suit.

That appeal was dismissed as reported in 223 Mass. 6. On his appeal being dismissed, (as the result of the decision in *Donovan* v. *Donovan*, 223 Mass. 6,) Kirby brought in the Supreme Judicial Court the bill in equity now before us. By this bill he seeks to have Joseph enjoined from enforcing the bond given to dissolve the temporary injunction on two grounds: First, on the ground that he had an equitable defence to the bond in that the surety (the New England Casualty Company) had an equitable defence to it. This is based on allegations (contained in the bill) that to induce the casualty company to sign the bond he (Kirby) had deposited with it securities under an agreement by which the casualty company could reimburse itself out of those securities for any sum which it was forced to pay upon the bond; and that by reason of this deposit of securities he had a right to insist upon the casualty company setting up its defence and so to have it enjoined from paying the bond. The second ground on which Kirby undertook to enjoin Samuel from enforcing the bond was that the decree in the Superior Court (by which Joseph was directed to pay to the plaintiff the sum of $6,782.59) was collusively procured through a conspiracy between Joseph and Samuel. At the argument in this court Kirby set up an additional and third ground, namely, that the Superior Court had no jurisdiction to make the final decree for the payment to Samuel and his wife of the sums it directed Joseph to pay to them.

1. We take up the last contention. This contention is founded on the proposition that the bill brought in the Superior Court by Samuel was a bill to reach and apply the interest of Kirby and Joseph in the partnership real estate in satisfaction of a claim for unliquidated damages which he (Samuel) had against Joseph for breach of his contract to give him a one quarter interest in the profits of the partnership covering the four parcels of land in question. And he relies upon the decision in *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118, in which it was decided that a bill to reach and apply does not lie to enforce a claim for breach of a contract where the damages are unliquidated. He contends further that if the bill as originally brought was not a bill to reach and apply it became so by the amendment which was made by Samuel on the coming in of the master's first report. On the coming in of the master's first report Samuel's counsel in place of

asking a recommittal to have the master ascertain the amount of profits in the real estate partnership which Samuel and his wife were entitled to, filed a motion to amend the bill by adding prayers that the plaintiffs might be given a decree "for the amount of damage sustained by them, either or both of them" (1) "by reason of the act or acts of the defendant, Joseph A. Donovan, as set forth in the master's report;" (2) "by reason of the defendant, Joseph A. Donovan, breaking his agreement with either or both of them, as shown by the master's report;" and (3) "by reason of the acts of the defendant, Joseph A. Donovan, in avoiding his contract with them, either or both of them, as set forth in the master's report," and also for general relief. The form of this amendment was of no consequence because the amount found due by the master was the amount of profits to which the plaintiffs were entitled in the real estate partnership and the decree entered upon the master's report giving the plaintiffs the profits in the real estate partnership to which they were respectively entitled was a decree that might have been made on the original bill without the amendment.

It is plain that there is nothing in the contention that the court had no jurisdiction. There does not seem to have been any error in the decree made by the Superior Court. But what Kirby has undertaken to make out is that the Superior Court had no jurisdiction to enter the decree which it entered. He would not have made out that proposition if he had shown that the decree was an erroneous one. Whether there was or was not error in the decree is not the question. The Superior Court is a court of general jurisdiction both in law and in equity. It had jurisdiction of the subject matter of the bill brought against Joseph and Kirby by Samuel and it had jurisdiction of both of the defendants; both of them were in court actively defending the suit. Under those circumstances the Superior Court had jurisdiction to enter the decree. The most that the present plaintiff's contention amounts to is that the Superior Court made an error in making the decree made by it. It is one thing for a court having a right to make a decision to make a wrong one. It is another thing to have no right to make a decision at all. To make out lack of jurisdiction in the Superior Court to make the decree here in question Kirby had to make out that the Superior Court had no right to make a decision in the premises right or wrong. See, for example, *Tehan* v. *Justices of*

*Municipal Court of Boston,* 191 Mass. 92; *Welch* v. *Fox,* 205 Mass. 113; *Tracy* v. *Maloney,* 105 Mass. 90. There is no color for this suggestion.

2. The plaintiff's second contention is that the amendment was an amendment which the court had no right to allow and therefore the casualty company was discharged even if he (Kirby) was not discharged. The amendment was allowed after Kirby had been heard on the matter. It does not appear that the casualty company had notice of the motion. The contention is disposed of by the fact that the amendment relied upon was of no consequence. The decree which was finally made was a decree which might have been made under the original bill. We say that it might have been made under the original bill, because the finding of the master was a finding as to the amount due if Joseph had performed his contract, that is to say, it was a finding as to the amount of the profits to which Samuel and his wife respectively were entitled and was not a finding as to damages for breach of a contract. Under these circumstances it is not necessary to consider other objections to the plaintiff's right to maintain the bill on this ground.

3. The last contention is that the decree which was entered by the Superior Court was a collusive decree entered through a conspiracy between Joseph and Samuel.

There was no direct evidence in this case that the decree made by the Superior Court was procured through collusion pursuant to a conspiracy between Samuel and Joseph. The plaintiff undertook to make out the acts of collusion and conspiracy by circumstantial evidence. It is pre-eminently a case therefore where the rule applies that the findings of the single justice who saw the witnesses must stand unless they are plainly wrong.

We have read the testimony and the whole of it and we are of opinion that the finding of the single justice must stand. We state this proposition in these terms because it is the form in which the question is presented to us and not because we have any doubt of the correctness of the finding of the single justice.

It appears in evidence and by the finding of the single justice that while the hearings were going on before the master Joseph got into financial difficulties and applied to Kirby for help and that Kirby refused to help him. "Upon this refusal Joseph Donovan determined in some way to injure Kirby financially." After-

wards .(and before the hearings before the master were ended) Joseph and Samuel entered into an agreement by which a decree was to be entered in favor of Samuel in the sum of $7,000. A motion for the entry of a decree pursuant to that agreement was made in the Superior Court at which Kirby's counsel was present. Upon objection being made by Kirby's counsel the court refused to enter a decree on that agreement. As a result the hearings before the master were resumed and the master made the supplemental report upon which the final decree was made. About the time of the falling out between Joseph and Kirby, Joseph dismissed the counsel who up to that time had appeared for both Kirby and himself and retained another attorney. At the hearing which resulted in the entry of the final decree Kirby was represented by counsel who theretofore had appeared for both Joseph and himself and Joseph was represented by his new attorney. The result of that hearing was the entry of the final decree in the Superior Court by which (1) the bill was dismissed as against Kirby and (2) Joseph was ordered to pay Samuel and his wife the sums mentioned above. The single justice found that Joseph "determined in some way to injure Kirby financially" but he did not find that Samuel conspired with Joseph to carry that determination into effect and for that reason he found that the bill should be dismissed. We are of opinion that his finding was correct and must stand.

We find no error in the order disposing of the plaintiff's requests for findings and rulings.

The decree of the single justice dismissing the bill must be affirmed with costs. It is

*So ordered.*