A. T. STEARNS LUMBER COMPANY *vs.* AUGUSTINE J. HOWLETT
& others.
IRVING AND CASSON–A. H. DAVENPORT COMPANY & others
*vs.* SAME.

Suffolk.    March 28, 1921. — May 28, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Evidence,* Testimony at a former trial, Refreshment of recollection.  *Witness,*
Refreshing recollection.

Where, at a hearing of a suit in equity before a second master, who had been appointed to succeed a master who, after extended hearings at which the evidence had been taken stenographically and transcribed with accuracy, had died before the hearings were closed, a witness who, after examining the typewritten record of his testimony before the first master as to what took place at a certain conference, has testified that he could not testify as to what took place at the conference " without looking at the book," and that his testimony given at the hearing before the former master was his best recollection of the matter, the master properly may refuse to permit the witness to be asked or to answer a question, " with this record before you and reading where it is necessary, will you tell us what took place at that meeting? " because it appeared that the memory of the witness was not refreshed by reading his prior testimony and that he had no present recollection of the facts which at the former trial he had recollected as the truth.

TWO BILLS IN EQUITY, filed in the Superior Court respectively on June 20 and 23, 1916, seeking to enjoin certain alleged acts of members and officers of certain labor unions.

The suits were referred to a master, who died after having held twenty hearings between July 27, 1916, and May 2, 1919, at which the evidence was taken stenographically by a public stenographer as to whose accuracy no question was raised.  At the hearings before a second master, the plaintiff's counsel called as a witness the treasurer of the plaintiff, A. T. Stearns Lumber Company, who, on his examination in chief, testified that he was present at a meeting between the representatives of the various plaintiffs in the Irving-Casson case and a number of the defendants whom the plaintiffs contended were officers or agents of the unions in question and were entrusted with the calling of strikes, at which the

demands of the defendants as set forth in the bills of complaint were discussed. It appeared that this meeting was on March 30, 1916, before the filing of the bill in either of the suits. It also appeared that the witness had testified on November 6, 1916, in the suit by A. T. Stearns Lumber Company before the former master as to what took place at this conference, his testimony there covering between five and six typewritten pages. He was asked before the second master whether he could tell fully what was said at that meeting without refreshing his memory, and answered that he had not had an opportunity to look over the records of his testimony for several years and that he could not so testify. " He was then asked to look over the pages of his testimony and to say whether they would so far refresh his recollection that he could testify to what took place at the meeting without looking at the book, and he answered that he could not. He then testified that the testimony he had given on November 6, 1916, was his best recollection of what took place. The question was then put to him: ' Now, I will ask you, with this record before you and reading where it is necessary, will you tell us what took place at that meeting? ' " The defendants objecting, the master excluded the question on the ground that it would permit the witness to read from his former testimony, and in fact would permit the substitution of the former testimony for the present testimony, and ruled that he could not read to himself the statements appearing in the book and then by stating it in evidence substitute what he had just read for what he failed to remember about what took place at said meeting. The plaintiffs' counsel objected to the ruling, and the master made a preliminary report of the foregoing facts and ruling by him.

The matter was heard by *Sisk*, J., who overruled the plaintiffs' exceptions and, being of the opinion that the foregoing ruling and order so far affected the merits and procedure of the controversy that the matter ought, before further proceedings, to be determined by the full court, he reported the cases to this court for determination.

*E. A. Whitman*, for the plaintiffs.

*J. M. Hallowell*, (*L. A. Mayberry* with him,) for the defendants.

PIERCE, J. On a report to this court from the Superior Court the question presented is whether an admittedly correct transcript

of the testimony of a witness at a former trial as to what took place at a certain meeting may be read in whole or in part by the same witness and given as his present testimony at a subsequent hearing in the same case, after he has made an examination of the transcript, consisting of five or six typewritten pages, to refresh his recollection, for the purpose of adding certain material facts therein disclosed by his former testimony, of which he has no present recollection.

It is a well established rule of evidence that testimony given at a former trial is not admissible at a subsequent trial in the same cause of action, except to contradict a witness or to refresh his recollection, if the witness who testified is living, is not insane, is within the jurisdiction of the court or if not within the jurisdiction can be induced to come within it or to a place where his deposition may be taken. *Ibanez* v. *Winston,* 222 Mass. 129, and cases cited. The witness who testified at the former trial, after he had looked over the pages of the transcript of his testimony in substance testified that that testimony " was his best recollection of what took place," and that he could not recall what took place at the meeting " without looking at the book. . . . The question was then put to him: ' Now, I will ask you, with this record before you and reading where it is necessary, will you tell us what took place at that meeting? ' " It thus indisputably appears that the memory of the witness was not refreshed by reading his prior testimony and that he had no present recollection of the facts which at the former trial he recollected as the truth. It is not argued nor suggested that the failure of the witness to recall at the time of his testimony the facts which he recollected at the former trial is attributable to insanity or to any form of mental incapacity. The transcript of the evidence was properly usable to refresh the recollection of the witness, but it could not be used as evidence in confirmation or corroboration of such testimony. *Commonwealth* v. *Ford,* 130 Mass. 64, 67. *Commonwealth* v. *Burton,* 183 Mass. 461, 471. We think the effect of permitting the witness to supplement his recollection by reading from the transcript of his evidence at the former trial would be to adopt a further exception to the rule which excludes the testimony given at a former trial, and would not be conducive to the practical administration of justice. *Robinson* v. *Gilman,* 43 N. H. 295.

*Stein* v. *Swensen,* 46 Minn. 360. *Velott* v. *Lewis,* 102 Penn. St. 326. *Reed* v. *Orton,* 105 Penn. St. 294. *Rio Grande Southern Railroad* v. *Campbell,* 55 Col. 493.

It follows that the order overruling the exceptions of the plaintiffs to the exclusion of the evidence by the master was right.

*Decree accordingly.*