COMMISSIONER OF PUBLIC WORKS OF QUINCY *vs.* JUDGE
OF THE DISTRICT COURT OF EAST NORFOLK.

Suffolk.    November 16, 1926. — March 1, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, & SANDERSON, JJ.

*Civil Service.    Certiorari.    Practice, Civil,* Findings by judge.

Upon a petition for a writ of certiorari seeking the revision of action by a
judge of a district court under G. L. c. 31, § 45, refusing to affirm a de-
cision of the commissioner of public works of a city discontinuing the
services of a foreman "owing to a lack of work," the judge finding that
such decision was made without proper cause and in bad faith, it
appeared that the judge had heard the case upon a stenographic record
of the proceedings and the evidence at the hearing before the commis-
sioner and an agreed statement of facts supplementary thereto, and
that he found, upon evidence warranting the finding, that at the time
of the suspension there was no lack of work for the foreman, and no
prospect of such lack; that the foreman was suspended so that his work
might be performed by a "working foreman"; that the commissioner's
decision was not based upon any evidence tending to support the truth
of the specification, "lack of work," assigned as the cause for the dis-
continuance of his services; and that it was an attempted evasion of the
civil service law.    *Held,* that

(1)  The judge's findings of fact were not open to revision on a petition
for a writ of certiorari;

(2)  A conclusion that the conduct of the petitioner was an attempt to
circumvent the civil service law was fully justified;

(3)  The remedy offered by G. L. c. 31, §§ 43, 45, was open to the
foreman;

(4)  The findings by the judge were warranted;

(5)  The petition for a writ of certiorari properly was denied.

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on December 7, 1925, for a writ of certi-
orari to review a decision by the respondent which disaffirmed
an order by the petitioner discontinuing the services of Daniel
J. O'Connell and James P. Donovan.

The petition was heard by *Crosby,* J., and was ordered
dismissed.    The petitioner alleged exceptions.

*J. D. Smith,* City Solicitor, for the petitioner, submitted
a brief.

*W. J. Kenney,* for the respondent.

RUGG, C.J.   This is a petition for a writ of certiorari, whereby there has been brought before this court the record of the judge of the District Court of East Norfolk touching a review of the action of the petitioner in discontinuing the services of two foremen in the employ of the city of Quincy classified under the civil service rules.   Proper notice and hearing were given to the foremen by the petitioner.   The petitioner stated in his notice to each of these foremen, "that owing to lack of work, your services will be discontinued." After their services were discontinued by the petitioner, the foremen, in accordance with G. L. c. 31, §§ 43, 45, brought petition in the appropriate District Court for review of the action of the petitioner in discontinuing their services.   At the hearing in the District Court there was presented to the respondent a stenographic record of the proceedings and the evidence at the hearing before the petitioner, and an agreed statement of facts supplementary thereto.   No witnesses were heard orally.   The respondent found from all the evidence presented to him that at the time the services of these foremen were suspended there was no lack of work and no prospect of lack of work for them to do; that they were suspended in order that their work might be performed by working foremen; that the decision of the petitioner that their services were suspended owing to lack of work was not based upon any evidence tending to support the truth of the specification, "lack of work," assigned as the cause for the discontinuance of their services; and that it was an attempted evasion of the civil service law.   He further found as a matter of fact that the petitioner's decision "was made without proper cause and in bad faith."   The decision of the petitioner was not affirmed, but was reversed and the foremen reinstated without loss of compensation.

The findings of fact made by the respondent are not open to revision on a petition for a writ of certiorari.   Only errors of law apparent on the face of the return can be examined.

The respondent, in proceeding to the performance of his duties of review of the action of the petitioner in discontinuing the services of the foreman, ·correctly instructed himself as to the governing principles of law by adopting what was

said in *Mayor of Medford* v. *Judge of First District Court of Eastern Middlesex*, 249 Mass. 465, 468, 470, 471, where earlier cases are collected and reviewed. There is no occasion to repeat or paraphrase them. Guided by those principles, the respondent made a careful review of the evidence. It need not be narrated. His findings of fact are amply supported by the record. The conclusion that the conduct of the petitioner was an attempt to circumvent the civil service law is fully justified. The adoption by the petitioner of words implying a temporary discontinuance of their services, in his notice to the foremen, cannot mask his real intent, as found by the respondent, to remove or suspend them. The remedy afforded by G. L. c. 31, §§ 43, 45, was open to them.

There is also sufficient in the record to warrant the finding that the suspension was not made because of lack of work, but for other reasons, and that the removal was made in bad faith. *Barnes* v. *Mayor of Chicopee*, 213 Mass. 1. *Gardner* v. *Lowell*, 221 Mass. 150.

*Exceptions overruled.*