JOHN J. WALSH *vs.* DISTRICT COURT OF SPRINGFIELD.

SAME *vs.* SAME.

Hampden.    October 29, 1936. — June 28, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, & QUA, JJ.

*Certiorari. Civil Service. District Court,* Review under civil service. *Evidence,* Competency, Erroneously admitted over objection.

The return upon a petition for a writ of certiorari directed to a district court properly is made by the judge of the court and not by a special justice who presided at proceedings sought to be reviewed. Per RUGG, C.J.

As a general rule, certiorari will not issue in the absence of substantial injury or manifest injustice to the petitioner.

A finding by a district court, which reviewed, under G. L. (Ter. Ed.) c. 31, § 45, the suspension of one employed under the civil service, that the suspension was made in good faith, need not be considered upon a petition for a writ of certiorari where it appeared that the district court reversed the suspension on the ground that it was made without proper cause.

Save in unusual cases, findings of fact are not open to review upon a petition for a writ of certiorari.

No error appeared in a ruling, at a hearing by a district court of a petition for review under G. L. (Ter. Ed.) c. 31, § 45, of the suspension of one employed under the civil service, that such petition was "not concerned in any way with" an "earlier petition" on which a previous suspension of the same employee was reversed, and that each petition was "a separate proceeding."

It was proper, at the hearing by a district court of a petition under G. L. (Ter. Ed.) c. 31, § 45, for a review of a decision after a hearing under § 43 suspending one employed under the civil service, to hear testimony of the suspending officer respecting facts within his knowledge when he ordered the suspension although he did not orally state those facts at the hearing before him.

Error in rulings upon evidence will not require the issuance of a writ of certiorari unless it clearly appears to have resulted in substantial prejudice.

The mere fact that a judge of a district court, hearing a petition for review of the suspension of one employed under the civil service, after admitting evidence offered by the petitioner, ruled it to be immaterial and stated that he excluded it from his consideration, did not require the quashing of the proceedings under a writ of certiorari.

Two PETITIONS for writs of certiorari, filed in the Supreme Judicial Court for the county of Hampden on May 19, 1936.

The petitions were heard by *Field*, J., and were dismissed. The petitioner alleged exceptions.

The cases were submitted on briefs.

*C. V. Ryan, Jr.*, for the petitioner.

*D. M. Macaulay*, City Solicitor, & *J. S. Bulkley*, Assistant City Solicitor, for the respondent.

RUGG, C.J. These are two petitions for writs of certiorari to review two proceedings brought by the same person in the District Court of Springfield under G. L. (Ter. Ed.) c. 31, § 45. *Mayor of Medford* v. *Judge of the First District Court of Eastern Middlesex*, 249 Mass. 465, 468. The returns to these petitions were properly made by the judge of the court and not by the magistrate who presided over the proceedings. *Commonwealth* v. *Winthrop*, 10 Mass. 177. *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206, 214.

1. The petitioner had employment as a mason in the classified civil service of the city of Springfield. He was under the protection of the civil service laws. He received on January 10, 1936, from one Downey, the superintendent of public buildings of the city of Springfield, a written notice of suspension from his employment as mason, to take effect at the end of that working day. The reason assigned for the suspension was lack of work. After a hearing upon the request of the petitioner, in conformity to G. L. (Ter. Ed.) c. 31, § 43, Downey confirmed the suspension. On January 30, 1936, the petitioner instituted the first of the proceedings as to which he has filed a petition for a writ of certiorari. That proceeding was brought in the District Court to review the action of Downey as to the suspension and to secure reinstatement of the petitioner in his employment. The petitioner was "temporarily reinstated as a mason" by Downey to take effect as of February 3, 1936. A letter of notification to that effect was dated January 30, 1936. (The date stated in the letter was February 3, 1936, but the finding fixed February 4, 1936, as the date. No point has been made of this in argument. For convenience, we use the

latter date.) A decision was rendered in this proceeding on April 28, 1936. It was found that the suspension was made in good faith but without proper cause. The act of Downey of January 28, 1936, confirming the suspension of the petitioner on January 10, 1936, was reversed. The petitioner was reinstated in his position as mason from January 10, 1936, the date of his suspension, to February 4, 1936, the date of his reinstatement by Downey.

The petitioner contends that the writ of certiorari ought to issue with respect to this proceeding on the ground that the subsidiary facts found required a finding of bad faith on the part of Downey as matter of law. Even if it be assumed, without so deciding, that this contention is sound, the writ ought not to issue. It is the general rule that certiorari will not issue in the absence of substantial injury or manifest injustice to the petitioner. *Sears* v. *Mayor & Aldermen of Worcester*, 180 Mass. 288. *Whitney* v. *Judge of the District Court of Northern Berkshire*, 271 Mass. 448, 459. *Amero* v. *Board of Appeal of Gloucester*, 283 Mass. 45, 52. Certiorari is an extraordinary writ and affords only a limited form of review. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 543, 544. *Maher* v. *Commonwealth*, 291 Mass. 343, 345. In somewhat analogous types of review, only parties aggrieved may be heard to object to an adverse decision and to invoke relief. See G. L. (Ter. Ed.) c. 185, § 15; c. 231, §§ 96, 97, 108, 113. In such cases the prevailing party is not aggrieved. *Hayden* v. *Stone*, 112 Mass. 346, 352. *Langley* v. *Conlan*, 212 Mass. 135, 140. *Donovan* v. *Donovan*, 223 Mass. 6, 7. The petitioner cannot rightly be held to have been prejudiced by the refusal to find that his suspension was caused by bad faith on the part of Downey, since there was an alternative finding that the suspension was without proper cause. That finding vitiated the suspension. A finding of bad faith would have entitled the petitioner to no further relief.

Whether the suspension was made in bad faith was a question of fact. The finding on that matter was adverse to the petitioner. Findings of fact are not open to review on a petition for a writ of certiorari, save in unusual cases,

of which the case at bar is not one. *Commissioner of Public Works of Quincy* v. *Judge of the District Court of East Norfolk*, 258 Mass. 444. *Bradley* v. *Board of Zoning Adjustment of Boston*, 255 Mass. 160, 163. *Blankenburg* v. *Commonwealth*, 260 Mass. 369, 377.

2. After being reinstated by Downey on February 4, 1936, the petitioner continued to work in his position as mason until March 2, 1936, when he was again suspended. The reason assigned in the letter of notification was lack of work. A hearing was held before Downey at the request of the petitioner. G. L. (Ter. Ed.) c. 31, § 43. No transcript of the evidence at this hearing appears to have been made. On March 12, 1936, Downey affirmed his decision to suspend the petitioner. The second of the two proceedings now before us to review his suspension was commenced in the District Court of Springfield on March 17, 1936. At that hearing the burden of proof was on the petitioner to establish affirmatively by a fair preponderance of the evidence that in suspending him from his position Downey acted either in bad faith or without proper cause. If that burden was not sustained, it was the duty of the judge to affirm the suspension. *Murray* v. *Justices of the Municipal Court of the City of Boston*, 233 Mass. 186, 188. *McCabe* v. *Judge of the District Court of Lowell*, 277 Mass. 55, 57. After hearing, it was found that the petitioner was suspended without bad faith and for proper cause and the suspension was affirmed. Several alleged errors of law in this proceeding are now relied upon as grounds for issuance of the writ of certiorari. Questions of fact are not now reviewable. *Commissioner of Public Works of Quincy* v. *Judge of the District Court of East Norfolk*, 258 Mass. 444, 445. *Yunitz* v. *Chelsea*, 270 Mass. 179, 182. *Commissioner of Institutions of Boston* v. *Judge of the Municipal Court of the Roxbury District*, 290 Mass. 460.

(a) There was no error in ruling that the second petition in the District Court was "not concerned in any way with the earlier petition," and that each one "is a separate proceeding in itself." This ruling means that each suspension must be examined separately to determine its validity. It

was the equivalent of a ruling that the causes of action were not identical. This is apparent from an examination of the two proceedings. Such a question is ordinarily one of fact. Treating it as such, no error of law is disclosed on the record. *Sandler* v. *Silk*, 292 Mass. 493, 497, 498. *Boston* v. *White Fuel Corp.* 294 Mass. 258, 261. Certain facts may have been relevant to both proceedings, but identical decisions were not required in both proceedings. The two suspensions were separated by a period of more than a month. It cannot rightly be held as matter of law that a substantial change of conditions may not have arisen in this interval of time. The circumstance that the petitioner was reinstated "temporarily" after the first suspension did not necessarily make the second suspension a continuation of the first. The petitioner was entitled to and was accorded the safeguards provided by G. L. (Ter. Ed.) c. 31, §§ 43, 45, as to both suspensions.

(b) It is urged that the record shows error in the admission of evidence. One question at issue at the hearing in the District Court was whether there was a lack of work when the petitioner was suspended. The petitioner at the hearing in the District Court directed attention to several possible opportunities for the labor of a mason. One related to repairs on a public sanitary. "The explanation for not considering that work . . . was that the roof leaked and it would be unwise to repair the sanitary walls until the roof itself could be repaired." More favorable weather than that commonly prevailing in March was required. Objection was made and exception taken to the testimony in the District Court by Downey as to the reason for not repairing the sanitary, and to that of another witness as to why a coke bin was not built. It is urged that this was incompetent because this testimony was not given at the hearing before Downey. The petitioner contends that the review in the District Court should be limited to precisely the same evidence considered at the hearing before the officer whose decision is being reviewed. The function of the court in such cases is to review and not to decide questions anew without paying any heed to the officer's decision. *Murray*

v. *Justices of the Municipal Court of the City of Boston*, 233 Mass. 186. *Mayor of Medford* v. *Judge of the First District Court of Eastern Middlesex*, 249 Mass. 465, 471. But where, as in the case at bar, the officer's decision rested in part upon facts within his own knowledge, there must be some means of ascertaining all the facts before that officer. *Whitney* v. *Judge of the District Court of Northern Berkshire*, 271 Mass. 448, 461, 462. A just review of such a proceeding would be impracticable unless the reviewing tribunal could also consider such facts.

The rule is also well established that error in rulings upon evidence will not require the issuance of a writ of certiorari unless it clearly appears to have resulted in substantial prejudice. *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206, 213. *Lowell* v. *County Commissioners*, 146 Mass. 403, 412. *Fandel* v. *Board of Zoning Adjustment of Boston*, 280 Mass. 195, 198. The same rule applies in other somewhat analogous cases. *Pigeon's Case*, 216 Mass. 51, 55. *Revere* v. *Revere Construction Co.* 285 Mass. 243, 250. *Springfield Young Men's Christian Association* v. *Assessors of Springfield*, 284 Mass. 1, 9.

(c) It is stated in the return of the respondent, quoting from the decision of the trial judge: "I have . . . excluded from my consideration the transcript of the evidence in this earlier case of the suspension of January 10, 1936, although I admitted the said transcript over the objection of defendant's counsel, who requested an exception." It does not appear what this transcript contained. It has been assumed in argument that the statement of the judge refers to the transcript of evidence taken at the first hearing before Downey. It seems plain that in the circumstances here disclosed and on this meager record such transcript was not shown to be competent at the hearing in the District Court in the second proceeding. As has already been decided, the two proceedings were separate and distinct. It does not appear that the witnesses who testified at that hearing were unavailable, or that they could not have been called as witnesses to testify at the hearing of the second proceeding in the District Court. The petitioner did not ask that the

hearing be reopened to enable him to present such evidence. The exception to this transcript when originally admitted gave the petitioner notice that he must be on his guard as to its competency. There is nothing to indicate that other conditions were present which might have rendered the transcript admissible. Cases like *Yale* v. *Comstock*, 112 Mass. 267; *Jaquith* v. *Morrill*, 204 Mass. 181, 189, 190; *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 385; *Chandler* v. *Prince*, 221 Mass. 495, 508; *A. T. Stearns Lumber Co.* v. *Howlett*, 239 Mass. 59, 61, are not controlling. It does not appear that this transcript was admitted in evidence at the second hearing before Downey. It is so alleged in the petition for the writ of certiorari, but that must be disregarded since it is not so stated in the return. *Prusik* v. *Board of Appeal of Boston*, 262 Mass. 451, 453. *Newcomb* v. *Aldermen of Holyoke*, 271 Mass. 565, 567. There are numerous cases where it has been held permissible for a trial judge to exclude from consideration evidence erroneously admitted over objection. *Newman* v. *Newman*, 211 Mass. 508. *Clarke* v. *Fall River*, 219 Mass. 580, 586. *Manning* v. *Woodlawn Cemetery Corp.* 245 Mass. 250, 253. *Hendler* v. *Coffey*, 278 Mass. 339, 342, 343. A party who succeeds in introducing incompetent evidence has no right to insist that it remain in the case. The trial judge may reconsider its admission and strike it out, provided no hardship befalls the party introducing it. *Crowley* v. *Swanson*, 283 Mass. 82, 85. The petitioner might have made an application for a rehearing in the District Court if he thought he had suffered any real harm. *Paine* v. *St. Paul Union Stockyards Co.* 28 Fed. (2d) 463, 467; *S. C.* 35 Fed. (2d) 624. In any event, this does not appear to be a case where a writ of certiorari ought to issue in order to prevent injustice to the petitioner. *Rudnick* v. *Murphy*, 213 Mass. 470, 472. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 544. There was no error of law in the action of the single justice.

In each case the entry may be

*Exceptions overruled.*