OCEAN NATIONAL BANK *vs.* LUCIEN B. WILLIAMS.

The presentment of a draft for payment by a notary himself cannot be proved by his certificate that the draft was duly presented and evidence of a presentment by his deputy.

A notary cannot present by deputy a foreign bill of exchange for payment, in the absence of a statute or local usage to the contrary; and such usage is not proved by evidence of the general practice in case of bills, unless it distinctly appears that the practice includes foreign bills.

CONTRACT on a draft drawn on J. H. Lyon & Brothers, a firm doing business in the city of New York, by the defendant, payable to his order, and by him indorsed to the plaintiffs. J. H.

Lyon & Brothers accepted the draft payable at the Grocers Bank in said city.

At the trial in the superior court, before *Reed*, J., there was evidence tending to show that William R. De Wolf, a clerk of John Hopper, a notary public, made presentment and a demand for payment of the draft at the Grocers' Bank, on the day on which it became due. De Wolf testified that he knew of no other presentment or demand for payment, and none other was shown. He also testified " that it was the custom in the city of New York for the clerks of notaries to present and demand payment of drafts, and for the notary to protest upon such presentment and demand, if payment was refused ; and that in this case he filled the notice of protest and mailed it, the signature of the notary thereto being printed upon the blank notice."

This notice, which was introduced in evidence, was as follows :

" United States of America, State of New York, ss. I, John Hopper, notary public, duly commissioned and affirmed, dwelling in the city of New York, do hereby certify that on the 12th day of January, in the year of our Lord one thousand eight hundred and sixty-one, at the request of the Ocean Bank of the city of New York, the original draft hereunto annexed was duly presented at the Grocers' Bank to the paying teller and demanded payment, which was refused. Whereupon I, the said notary, at the request aforesaid, did protest and by these presents do publicly and solemnly protest as well against the drawers, acceptors and indorsers of the said draft, as against all others whom it doth or may concern, for exchange, reëxchange and all costs, damages and interest already incurred and to be hereafter incurred, for want of payment of the same. Thus done and protested in the city of New York, aforesaid, in the presence of John Doe and Richard Roe, witnesses. J. Hopper,

*In testimonium veritatis.* Notary Public, Ocean Bank."
(Seal.)

William E. Boies testified " that he was a practising lawyer in the city of New York ; that it was the custom for presentment and demand of payment of drafts to be made by notaries

clerks; that he knew of no difference in the custom, whether the bills were inland or foreign; and that his attention had never been called to the custom as to foreign bills particularly."

On this evidence, there being none other bearing upon the question of presentment, demand and protest, the judge ruled that the action could not be maintained, ordered a verdict for the defendant, and reported the case for the determination of this court.

*H. B. Stevens,* for the plaintiffs.

*A. L. Soule,* for the defendant.

AMES, J.   The draft declared upon, having been drawn by a person residing in this state upon persons residing in another state, is a foreign bill; and, in order to charge the drawer, it is necessary to show that it was duly and regularly protested for nonpayment.   The fact of nonpayment, in such a case, can only be proved by protest, and cannot be supplied by witnesses, or in any other way.   *Phœnix Bank* v. *Hussey,* 12 Pick. 483.   *Buckner* v. *Finley,* 2 Pet. 586.   In this case, there seems to be no competent evidence of this essential fact.   There is nothing on the face of the report, or in the terms of the notarial certificate, to indicate that the notary personally presented the draft for payment.   It is true, he certifies that it was duly presented and payment demanded; but the report finds that the presentment and demand were made by the notary's clerk, and not by the notary himself, and that no other presentment or demand were in fact made.   But it is well settled that, by the common law and according to the uniform practice of this Commonwealth, the duties of a notary must be performed by himself personally, and not by a clerk or deputy.   *Cribbs* v. *Adams,* 13 Gray, 597. No attempt was made at the trial to show that the general rule of law upon this point has been modified by any local statute of the state of New York; and, in the absence of all evidence to the contrary, we must presume the general commercial law of that state to be the same substantially with our own.   The plaintiff wholly failed to prove the existence of any well settled local usage in New York, that would authorize a notary in the case of a foreign bill to make a presentment and demand of payment

by his clerk or deputy, and to certify and authenticate notarial acts so performed, in the same manner as if he had performed them himself. The witnesses who testify that it is customary in the city of New York for the clerks of notaries to present and demand payment of drafts, and for notaries to protest upon such presentment and demand, wholly fail to give any information upon the point whether that custom applies to and includes the case of foreign bills. One of them says that his attention had never been called to that distinction, and the other makes no allusion to it. It hardly need be said that a local usage, in derogation of the general rules of law, requires clearer and better evidence of its existence and validity.

*Judgment on the verdict.*