COMMONWEALTH *vs.* PATRICK J. COLLINS.

Suffolk. October 18, 1926. — November 27, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Nuisance,* Abatement. *Evidence,* Of record of municipal department. *Practice, Criminal,* Variance. *Municipal Corporations,* Officers and agents.

By reason of the provisions of c. 1, §§ 1, 2, of the ordinances of 1914 of the city of Boston, second series, concerning the public health, directing that the health department of the city shall be under the charge of a health commissioner to be appointed by the mayor under St. 1909, c. 486, §§ 9, 10, the commissioner to exercise the powers and perform the duties imposed by law upon "the board of the city of Boston or upon the chairman thereof," the health department of the city was under the control of a health commissioner who exercised the authority of a board of health.

At the trial of a complaint under G. L. c. 111, §§ 122–125, charging violation of an order of the health commissioner of the city of Boston directing the abatement of a nuisance, the secretary of the commissioner testified and produced the book of record of the commissioner, kept by the secretary as a part of his duties. The record was admitted and showed that the commissioner adopted an order that in his opinion there existed on the premises of the defendant "a nuisance, source of filth and cause of sickness", (without further specifications), and ordered that the owner of the premises be directed to remedy the same within twenty-four hours of the service of notice. The secretary identified his signature as secretary upon the original of a notice, a copy of which was served personally upon the defendant. The notice specified fifteen items of nuisance, source of filth, and cause of sickness. Twenty-one days after service of a copy of the notice, the complaint was filed, alleging the existence of the nuisance, source of filth, and cause of sickness, specifying in substance in accordance with the notice, and stating the making of the order by the commissioner and the service of the copy of the notice in compliance with the order within twenty-one days. The jury viewed the premises. The defendant was found guilty. *Held,* that

(1) The record of the order was admissible as an original record brought by the person who kept it in the course of his duties;

(2) There was no variance between the record and the complaint, and there was no substantial variance between the order or notice to abate and the complaint;

(3) The notice contained the order of the commissioner: the statute did not require a notice to the defendant before the order was sent to him;

(4) The notice was sufficiently definite;

(5) There was evidence warranting a finding that the things specified in the order and notice constituted a nuisance;

(6) An objection to the notice on the ground that the time allowed therein for removal of the nuisance was unreasonable did not make the notice inadmissible;

(7) The statute did not require that the notice should be signed by the health commissioner: the notice signed by the secretary conformed to the statutory requirements;

(8) It was not necessary to serve the original notice on the defendant; service of the copy was sufficient.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on May 8, 1925, alleging in substance that one Paul C. Disario, duly appointed by the health commissioner of Boston as an agent to make sanitary inspections in the city, on March 16, 1925, found upon the premises at 126 Leverett Street, owned by the defendant "a certain nuisance, source of filth and cause of sickness, that is to say, a drain trap in cellar uncovered, drain is obstructed sewage in the cellar, ashes and rubbish in the cellar stairways and floors of public hallway dirty; walls and ceilings in rooms and water closets dirty, on second and third floors; walls of light shaft are dirty; defective plaster on walls of rear bedrooms and second floor; water closets' hoppers are dirty the same being adjudged by said commissioner to be a nuisance, source of filth and cause of sickness as aforesaid, and injurious to public health;" that the health commissioner issued and, by copy, had served upon the defendant an order and notice in writing notifying the defendant "to remove at his expense and within twenty-four hours from the time of the service of said written order and notice, the aforesaid nuisance, source of filth and cause of sickness then being in and upon said parcel of land;" that the defendant, for twenty-one days, knowingly violated the order by "permitting and allowing said nuisance to

remain in and upon said parcel of land and by then and there refusing and neglecting to remove said nuisance, source of filth and cause of sickness."

On appeal to the Superior Court, the complaint was tried before *Whiting*, J. Ordinances of 1914 of the city of Boston, second series, c. 1, §§ 1, 2, concerning the health department were in evidence and are described in the opinion. The health commissioner was not a witness. His secretary, S. L. Maloney, testified as stated in the opinion, and identified the signature on the original of the notice to the defendant. The notice, a copy of which was proved to have been served in hand upon the defendant, read, as follows:

"The Health Commissioner of the City of Boston hereby orders you to remove at your own expense, within twenty-four hours from service of this notice, a nuisance, source of filth, and cause of sickness found on certain private property of which you are the owner or occupant to wit:

Drain trap in cellar is uncovered. Drain is obstructed.

Water-closet hoppers are dirty.

Ashes and rubbish in cellar.

Cellar floor is in a wet condition.

Stairways and floors of public hallways dirty.

Window in rear bedroom on 2nd floor defective.

Walls and ceilings dirty in rooms and water-closet apartments on 2nd and 3rd floors.

Dirty walls of light shaft.

Water-closet apartment windows to light shaft dirty.

Defective plaster on wall of rear bedroom on 2nd floor.

Insufficient receptacles in use for ashes and rubbish.

Interior alcove rooms have poor light and ventilation.

Light poor in public hallway.

Sewage in cellar.

Situated on and appurtenant to the premises numbered 126 Leverett street in said Boston; and which the Health Commissioner has adjudged to be a nuisance. Failure to abate this nuisance will render you liable to the penalties provided by law, without further notice.

(Signed) S. L. MALONEY, Secretary."

The defendant objected and excepted to the admission of the notice in evidence on the following grounds:

"1. That no order of the health commissioner has been proved.

"2. That the health commissioner has no authority to order the abatement of a nuisance.

"3. That the notice is indefinite and uncertain and does not apprise the defendant of the nuisance.

"4. That the matters included in the notice are not nuisance, source of filth and causes of sickness which the statute gives authority to the commissioner to abate.

"5. That the time permitted to remove the nuisances is unreasonable.

"6. That the defendant could not by his own efforts remove the nuisances complained of.

"7. That it is not a notice of the health commissioner and is not signed by him.

"8. That the service being personally on the defendant the original notice should have been served and not a copy."

The defendant asked for the following ruling: "That the health commissioner of Boston has no authority to determine that a nuisance, source of filth, and cause of sickness exists and to order its abatement." The ruling was refused. The defendant was found guilty, and alleged exceptions.

The case was submitted on briefs.

*M. B. Lynch,* for the defendant.

*E. J. Harrigan,* Assistant District Attorney, for the Commonwealth.

CARROLL, J. This case arose under G. L. c. 111, §§ 122–125, relating to the public health. The record shows that the defendant was guilty and that sufficient evidence was introduced to warrant the finding. The jury viewed the premises.

An ordinance of the city of Boston was in evidence. This ordinance directed that the health department of the city shall be under the charge of a health commissioner to be appointed by the mayor under St. 1909, c. 486, §§ 9, 10, the commissioner to exercise the powers and perform the duties imposed by law upon "the board of the city of Boston or upon the chairman thereof." By reason of this ordinance

the health department of the city of Boston was under the control of a health commissioner who exercised the authority of a board of health.    *Commonwealth* v. *E. E. Wilson Co.* 241 Mass. 406, 409.

The secretary of the commissioner testified that he was his secretary, that it was part of his duty to keep a record of the doings of the commissioner; and he produced the book of records of the commissioner.    Subject to the defendant's exception the following record, taken from said book, was then introduced in evidence:

"April 16, 1925.

"Health Commissioner Mahoney was present in his office and transacted the following business:    The record of April 15th was read and approved.

"It was ordered that in the opinion of the Health Commissioner there exists on each of the following premises a nuisance, source of filth and cause of sickness.    It is therefore hereby ordered that the owners thereof be ordered to remedy the same within twenty-four hours of service of notice.

"126 Leverett St.

(Signed) S. L. Maloney, Secretary."

The defendant excepted to this record, first, because it is secondary evidence when primary evidence was possible; and second, because the nuisance adjudged is not the nuisance complained of.

The record was properly admitted.    It was not secondary evidence.    Under G. L. c. 233, § 76, copies of records in any department of the city when authenticated by the attestation of the officer who has charge of the same "shall be competent evidence in all cases equally with the originals thereof."    The original record, therefore, was admissible. *Commonwealth* v. *Segee*, 218 Mass. 501, 504.    See G. L. c. 66, § 6, requiring every department, board, commission or officer of the Commonwealth, or of a county, city or town "for which no clerk is otherwise provided by law," to designate "some person as clerk, who shall enter all its votes, orders and proceedings in books and shall have the custody of such books." See also G. L. c. 111, § 27, by which boards of health are

given authority to choose a clerk; and § 28 requiring the board of health to make a full report to the city council of its acts during the preceding year, and of the sanitary condition of the city. There is nothing in *Delaney* v. *Framingham Gas, Fuel & Power Co.* 202 Mass. 359, in support of the defendant's contention that the record of the health commissioner was incompetent or inadmissible in evidence.

The defendant also excepted to the record because "the nuisance adjudged is not the nuisance complained of." The record of the health commissioner did not specify the "source of filth, and cause of sickness" constituting the nuisance. In the notice or order to abate the nuisance, however, the defendant's attention was called to the specific things constituting the nuisance. The record was admissible. There was, in fact, no variance between the record and the complaint, and there was no substantial variance between the order or notice to abate and the complaint.

The defendant also excepted to the order of the health commissioner because "no order of the health commissioner has been proved." The notice itself expressly orders the removal of the nuisance. It was an order from the health commissioner to the defendant, requiring him to act. The statute did not require a notice to the defendant before the order was sent to him. See *Salem* v. *Eastern Railroad,* 98 Mass. 431, 433.

The notice was sufficiently definite. See *Salem* v. *Eastern Railroad, supra,* page 444. *Durgin* v. *Minot,* 203 Mass. 26, *Belmont* v. *New England Brick Co.* 190 Mass. 442, 445, *Mansfield* v. *Atlantic Chemical Co.* 237 Mass. 56, and *Commonwealth* v. *Badger,* 243 Mass. 137, are not applicable.

The particular things mentioned in the notice as a source of filth and cause of sickness could have been found to constitute a nuisance. See *Stone* v. *Heath,* 179 Mass. 385, 387, 388. This was a question of fact for the jury to pass on. The cases cited by the defendant on this aspect of the case are to be distinguished from the case at bar.

The order notified the defendant to abate the nuisance within twenty-four hours from the service of the notice. The contention of the defendant is that the time allowed to

remove the nuisance is unreasonable. G. L. c. 111, § 123, directs that a board of health shall order the owner or occupant of the premises to remove a nuisance within twenty-four hours, "or within such other time as it considers reasonable." This objection to the notice did not render it inadmissible, and the judge could not have excluded it on this ground.

There is nothing in the record to show that the defendant could not have complied with the order, notwithstanding his exception to the record on the ground that he could not "by his own efforts remove the nuisance complained of"; and the notice was not objectionable on this ground. See *Cambridge* v. *Munroe*, 126 Mass. 496, 502.

The statute did not require that the notice should be signed by the health commissioner. G. L. c. 111, § 27, authorizes the commissioner to employ a clerk. The notice signed by him conformed to the statute.

The notice was served by "delivering a copy to the defendant in hand." There is nothing in the statute requiring the service of the original notice on the defendant, and service may be made by a copy left at the owner's usual place of abode. G. L. c. 111, § 124. The notice was properly served.

*Exceptions overruled.*