BESSIE BRODSKY *vs.* S. FINE.

Suffolk.    January 13, 1928.— March 2, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Light in common stairway of tenement.  *Evidence,*
    Judicial notice.  *Boston.*

While courts will take judicial notice of general laws and of public acts
    local in operation, they will not take judicial cognizance of municipal
    ordinances or of special acts of the Legislature.
Assuming that, in St. 1907, c. 550, § 45, as amended by St. 1924, c. 136,
    the words, "lights to be kept lighted during the night," impose a duty
    on the owner to maintain the lights lighted, and are not words dealing
    only with construction, no violation of the statute by an owner of a
    tenement house in Boston is shown, at the trial of an action against him
    for personal injuries resulting from a fall on an unlighted common
    stairway, if there is no evidence that, before the accident, the building
    commissioner, within the provisions of the statute, had designated the
    staircase in which the plaintiff was injured to be a "main stairway."
Where, upon exceptions by the defendant to rulings by a judge who heard
    the action above described and found for the plaintiff, it appeared that
    at the trial there was no evidence "tending to show that the defendant
    or his agents ever lighted the lights in the . . . hallway and stairways
    except on certain occasions when he was requested by a tenant who was
    absent to do so or when an apartment was not occupied," and that there
    "was no contract made by the defendant to light this stairway at the
    time of the letting of the premises," and that he "made no contract
    with the plaintiff regarding the lighting of the premises," and that there
    was no defect in the "physical condition" of the stairway, and no viola-
    tion of a statute or municipal ordinance was shown, judgment for the
    defendant was ordered under G. L. c. 231, § 122.

TORT for personal injuries.    Writ dated May 11, 1926.

In the Superior Court, the action was heard by *Sisk,* J.,
without a jury.    Material findings and rulings by the judge
are stated in the opinion.    There was a finding for the plain-
tiff in the sum of $451.    The defendant alleged exceptions.

The case was submitted on briefs.

*W. B. Leach, Jr.,* for the defendant.

*G. L. Rabinowitz,* for the plaintiff.

PIERCE, J.    This is an action of tort in which the plaintiff
seeks to recover damages for personal injuries sustained,

on March 31, 1926, by reason of the "improper and insufficient lighting" of a common stairway in a building on the defendant's premises, numbered 51 Allen Street, Boston. The case was heard by a judge of the Superior Court sitting without a jury, and is before this court on the defendant's substitute bill of exceptions which contains "all the testimony material to the issues raised by this bill of exceptions."

The building above referred to was of brick construction, five stories in height, laid out for ten tenements: five front tenements with a common stairway and five rear tenements with a common stairway. The defendant employed a janitor at the time of the accident whose duty it was to light the rear common stairway and the front hall on the first floor; he did nothing further with the other front tenements or front stairway. There were two tenements on each floor; the plaintiff occupied the front one on the fifth floor; the defendant lived on the first floor.

The defendant testified that at the time of the letting of the front tenements he entered into an agreement with each tenant that said tenant would light his own hallway, and that he made this arrangement with the plaintiff. He further testified that in case a tenant in the front of the building was going out for an evening, he gave permission to light his hallway to the defendant; and that there were electric and gas fixtures so arranged that they were connected with the tenants' meters, and the tenants paid the cost of this lighting.

The plaintiff testified that, so far as her light was concerned, she had paid the cost of this light and that she turned it off and on as she saw fit; that she was to furnish the light for the fifth floor front; that she asked the defendant about the lights and he said "the lights will be left there, there will be light." There was further testimony on behalf of the plaintiff, that the defendant distinctly said at the time of the hiring by the plaintiff that "it [the hallway] would be lighted, everything would be lighted, there was electricity all over the house and everything was fine," that the plaintiff was supposed to furnish the light on the top floor and that the other hallways were to be lighted.

There is no reported evidence "tending to show that the

defendant or his agents ever lighted the lights in the so called front hallway and stairways except on certain occasions when he was requested by a tenant who was absent to do so, or when an apartment was not occupied." The judge found: (1) "There was no contract made by the defendant to light this stairway at the time of the letting of the premises"; (2) "The defendant made no contract with the plaintiff regarding the lighting of the premises"; (3) "On all the evidence there was no express contract . . . to light the building"; (4) there was no defect in the "physical condition" of the stairway; (5) "the plaintiff was in the exercise of due care."

As found by the judge the facts which describe the injury to the plaintiff are as follows: "On March 31, 1926, about eight-thirty to nine o'clock in the evening, the plaintiff left her apartment on the fifth floor in company with Ruth Cohen. She turned on the light on her own floor and started down the stairs, Miss Cohen going first. There was no light on the fourth and third floors. The front tenement on the third floor was unoccupied at the time of the accident. When she arrived at the third floor she started to go down the stairs . . . to the second floor . . . [holding] the stair rail with her left hand, and when she reached a bend in the stairs she fell to the second floor and was injured. There was no light at the place where she fell." It is plain on the reported facts, and the finding of the judge, that the defendant was under no common law obligation to the plaintiff to light the common front hallways. He had not assumed by conduct an obligation to light them and had made no contract with the plaintiff so to do. Moreover, there was no physical defect in the stairs or stairway at the time of the accident, and no evidence appears in the record that the shape, form or fashioning of the stairs or stairway was not in the same condition it was in or appeared to be in at the time of the letting. *McGowan* v. *Monahan*, 199 Mass. 296, 297. *Stone* v. *Lewis*, 215 Mass. 594. See Ann. Cas. 1914D, 592, note for cases collected. *Gallagher* v. *Murphy*, 221 Mass. 363, 365.

The defendant requested the judge to rule: "There is no statute requiring the landlord under the circumstances in

this case to light the hallway." The judge refused to give this request and found (and ruled) that the defendant violated the law relative to the lighting of public halls and main stairs in certain tenement houses in the city of Boston; and "that the defendant was negligent." The record makes no reference to any general statute of the Commonwealth or to any special statute relative to the lighting of stairways in certain tenement houses in the city of Boston. Courts will take judicial notice of general laws, *Harris* v. *Quincy*, 171 Mass. 472, *Squier* v. *Barnes*, 193 Mass. 21; and of public acts local in operation, *Jones* v. *Fales*, 4 Mass. 245, 252, *Burnham* v. *Webster*, 5 Mass. 266, *Commonwealth* v. *M'Curdy*, 5 Mass. 324; but they will not take judicial cognizance of municipal ordinances, *O'Brien* v. *Woburn*, 184 Mass. 598, *Rogers* v. *Abbott*, 248 Mass. 220; or of special acts of the Legislature, *Proprietors of Kennebeck Purchase* v. *Call*, 1 Mass. 483, *Ellis* v. *County Commissioners*, 2 Gray, 370, 378, *Attorney General* v. *McCabe*, 172 Mass. 417, 420. *American Steel & Wire Co.* v. *Bearse*, 194 Mass. 596, 600. See G. L. c. 233, §§ 74, 75.

We assume from the arguments in the briefs of the plaintiff and defendant that the statute which the judge had in mind was St. 1907, c. 550, § 45, as amended by St. 1924, c. 136, entitled "An act relative to the construction, alteration and maintenance of buildings in the city of Boston," which statute as amended so far as pertinent to the issue here in question reads: "Public halls and main stairways in all tenement houses, now existing or hereafter erected, three stories or more in height and accommodating four or more families who are served by a common main stairway and hall shall be provided with proper and sufficient lights to be kept lighted during the night. The words 'main stairway', as used in this section, shall mean the staircase so designated by the building commissioner." We assume, without decision, that the words of the statute "lights to be kept lighted during the night" impose a duty on the owner to maintain the lights lighted, and are not words dealing only with construction, as the defendant contends.

However this may be, the judge did not find, and there is no evidence in the record, that the building commissioner

of the city of Boston had ever designated the staircase where the plaintiff fell a "main stairway." Because of the absence of evidence that, before the accident, the building commissioner had designated the staircase in the building where the plaintiff was injured a "main stairway," we are of opinion the statute above quoted did not impose upon the defendant any duty of lighting it. The defendant's request for a ruling "On all the evidence the plaintiff is not entitled to recover" should have been given. His exception to the refusal so to rule is sustained, and judgment is to be entered for the defendant. G. L. c. 231, § 122.

*So ordered.*