BLANCHE H. STEELE *vs.* JOSEPH LIFLAND.

Suffolk.    October 18, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Of person owning or controlling real estate, Invited person. *Landlord and Tenant,* Common hallway, Injury to invitee of tenant. *Contract,* Modification.

At the trial of an action of tort against the owner of a four-story tenement house in Boston for personal injuries received by the plaintiff when, while on the front stairway connecting the second and the first floor and on a business errand to a tenant of the defendant on the second floor, he fell because of darkness of the stairway caused by absence of a light in the hallway on the first floor, it appeared that when the defendant bought the house, over a year before the accident, gas fixtures were in the second floor hallway and in the first floor hallway at the foot of the stairs; that the janitor lighted the gas on the first floor until about six months before the accident; "that thereafter the defendant no longer continued to have any one light the gas jet in the lower hall"; that about eight months before the accident electricity was installed in some of the apartments upstairs and an electric light was placed in the second floor hall, which was connected with the meter in the apartment of the tenant the plaintiff had come to see, and her rent was reduced fifty cents a month for the electricity used in the hall light. *Held,* that

(1) After the installation of the electric light, the terms of the tenant's occupancy and relations with the defendant as to lighting halls were modified;

(2) After that modification of the contract of rental between the tenant and the defendant, the defendant was under no contractual duty to that tenant to maintain a light in the first floor hallway, and the tenant could not have recovered if injured on the stairway because of the absence of such a light;

(3) The plaintiff had no greater rights than the tenant by whose implied invitation she was on the premises.

There could be no recovery, at the trial of the action above described, by reason of an alleged violation by the defendant of St. 1924, c. 136, in the absence of evidence that the building commissioner had designated the stairway in which the plaintiff fell as a "main stairway."

TORT for personal injuries. Writ dated July 13, 1926.

In the Superior Court, the action was tried before *Hall*, C.J. Material evidence is stated in the opinion. At the close of the evidence, the Chief Justice ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*C. C. Petersen*, for the plaintiff.

*W. P. Murray & A. D. Diamond*, for the defendant.

CARROLL, J. The plaintiff was injured by falling on a common stairway in the defendant's building. The negligence relied on was the failure to furnish proper light.

On February 16, 1926, the plaintiff visited Mrs. Backman, a tenant of the defendant, "in connection with some dressmaking work that Mrs. Backman was doing for her." The tenant lived on the second floor of the four-story tenement house belonging to the defendant. The plaintiff testified that she fell on the front stairway connecting the second floor with the first floor; that she fell because of the darkness; that there was no light on the first floor and it was very dark on the stairs; that the electric light on the second floor was lighted; that she was injured about 6:30 P.M.

There was evidence tending to show that, when the defendant bought the house in December, 1924, gas fixtures were in the second floor hallway and in the first floor hallway at the foot of the stairs; that the janitor lighted the gas on the first floor until August, 1925; "that thereafter the defendant no longer continued to have any one light the gas

jet in the lower hall"; that about June, 1925, electricity was installed in some of the apartments upstairs and an electric light was placed in the second floor hall. It appeared that the electric light in the second floor hallway was connected with the meter in Mrs. Backman's apartment, and her rent was reduced fifty cents a month for the electricity used in the hall light.

Under the modified contract of rental to Mrs. Backman the electric light on the second floor was kept lighted, and there was no electric light on the first floor hallway. The gas light on that floor had been discontinued. Under this agreement Mrs. Backman could not recover, if injured on the stairway, because of the absence of light on the first floor. She continued to occupy the apartment under the new contract, and was so occupying it when the plaintiff was injured, and the plaintiff had no greater right than the tenant. *Blaufarb* v. *Drooker*, 251 Mass. 201.

A landlord is not bound to light the common halls and stairways of an apartment block, unless he does so under an express or implied contract with the tenant or is bound to do so by statutory provision; and, whatever obligation rested on him before the electricity was installed, after that time he was under no implied or express contract to keep the lower hall lighted. The tenant assented to this and continued to occupy under the modified agreement. *Carey* v. *Klein*, 259 Mass. 90, and cases cited. Reliance is placed by the plaintiff on certain complaints made by the tenant after the electricity was installed. In our opinion there is nothing in these complaints to show that the tenant did not continue to occupy the premises under the new contract.

There was no evidence that the defendant violated the statute which requires that main stairways in all tenement houses three stories or more in height and accommodating four or more families shall be provided with proper lights to be kept lighted during the night. St. 1924, c. 136. In that statute the words "main stairway" mean the staircase so designated by the building commissioner; and as there was no evidence that the building commissioner had so designated the stairway in question, the plaintiff cannot

recover under this statute. *Brodsky* v. *Fine,* 263 Mass. 51. There was no error in allowing the defendant's motion for a directed verdict.

*Exceptions overruled.*