RUTH E. SODEKSON *vs.* MAUDE A. LYNCH & another.

Suffolk.    April 6, 1937. — June 30, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Landlord and Tenant,* Common stairway, Lights.  *Municipal Corporations,* Officers and agents.  *Public Officer.  Boston.*

Proof of a designation by an inspector under the building commissioner of a "main stairway" in a tenement house in Boston, without proof of authority of the inspector to act for the commissioner in that matter, did not establish a valid designation within St. 1924, c. 136, nor prove that the owner was required under the statute to light that stairway.

TORT.  Writ in the Superior Court dated January 26, 1932.

The action was tried before *Morton,* J.  There was a verdict for the plaintiff in the sum of $100.  The defendants alleged exceptions.

*M. B. Lynch,* for the defendants, submitted a brief.

No argument nor brief for the plaintiff.

LUMMUS, J.  The plaintiff, a minor, lived with her father in a tenement on the third floor of a building in Boston owned by the defendant Maurice B. Lynch, who will be called the defendant.  The building had three stories, and contained six tenements.  The tenancy was at will, and began in November, 1930.  In August, 1931, at about half past eight in the evening, when it was dusk but not dark, the plaintiff fell down an unlighted common stairway between the second floor and the street floor.  There was no evidence of any defect in the stairs themselves.  There was a hand rail, on which the plaintiff put her hand lightly, though she did not grasp it.

The principal exception is to the denial of the defendant's motion for a directed verdict. The evidence raises at least two questions of difficulty, which we need not discuss in view of the result to which we have come: (1) whether the plaintiff's father, against whom the defendant had recovered judgment for possession in summary process, had regained his status as a tenant at will, and (2) whether the evidence warranted a finding that darkness was the cause of the fall.

The decisive point is that no duty to light the stairs was shown. We start with the proposition that "a landlord is under no obligation to light the common halls and stairways under his control in tenement buildings occupied by his tenants, unless he has undertaken to do so by express or implied agreement, or is bound so to do by statutory provisions." *Carey* v. *Klein*, 259 Mass. 90, 92. *McGowan* v. *Monahan*, 199 Mass. 296, 298. Whether there was evidence for the jury of such an implied agreement (*Gallagher* v. *Murphy*, 221 Mass. 363; *Maran* v. *Peabody*, 228 Mass. 432; *Polansky* v. *Heller*, 241 Mass. 484, 485; *Steele* v. *Lifland*, 265 Mass. 233) need not be considered, for the existence of such an agreement was not submitted to the jury and the verdict for the plaintiff cannot be taken to involve a finding that such an agreement existed. The case was submitted to the jury as one turning upon a statutory duty to light the stairway.

The building act applicable to Boston, St. 1907, c. 550, § 42 (6), defines a public hall in a tenement house as "a hall, corridor, or passageway not within an apartment." St. 1924, c. 136, provides: "Public halls and main stairways in all tenement houses, now existing or hereafter erected, three stories or more in height and accommodating four or more families who are served by a common main stairway and hall shall be provided with proper and sufficient lights to be kept lighted during the night. The words 'main stairway', as used in this section, shall mean the staircase so designated by the building commissioner." Unless a stairway is lawfully so designated, no duty to light it arises. *Brodsky* v. *Fine*, 263 Mass. 51, 54, 55. *Steele*

v. *Lifland,* 265 Mass. 233, 235, 236.   See also *Garland* v. *Stetson,* 292 Mass. 95, 102.

An inspector under the building commissioner testified that on June 12, 1930, he examined the premises and signed his name on a record card of the city, produced by him, under the words, "I designate the front stairs and hall as the common stairs and hall."   Assuming that he acted by authority of the building commissioner, and that "common stairs" may be deemed the equivalent of "main stairway," the question remains whether there has been any lawful designation of the "staircase" in question as the "main stairway."   There is nothing in the statute to show that an inspector is a deputy or assistant to the building commissioner with power to perform his duties. *Everett Trust Co.* v. *Waltham Theatre Amusement Co.* 267 Mass. 350, 354, and cases cited.   *Commonwealth* v. *Harvey,* 111 Mass. 420, 421.   *Commonwealth* v. *Crawford,* 111 Mass. 422.   Of course the building commissioner was not charged with the duty of examining personally all the tenement buildings in Boston.   He could make the statutory designation upon information furnished him by inspectors. *West Springfield* v. *Mayo,* 265 Mass. 41, 44.   But making the designation involved more than a mere ministerial act. Where a building contains a number of stairways, the determination of the question which is the "main" one, which ought to be lighted in the interest of the tenants and their visitors, might involve a considerable exercise of judgment and discretion.   In *Brown* v. *Newburyport,* 209 Mass. 259, 266, this court said, "Official duties involving the exercise of discretion and judgment for the public weal cannot be delegated.   They can be performed only in person."   *Commonwealth* v. *Badger,* 243 Mass. 137, 142.   *McPherson* v. *Street Commissioners of Boston,* 251 Mass. 34, 37, 38.   *Kane* v. *Board of Appeals of Medford,* 273 Mass. 97, 103.   *Leroy* v. *Worcester Street Railway,* 287 Mass. 1, 7.   At common law a public officer may entrust only ministerial duties to a deputy.   *Abrams* v. *Ervin,* 9 Iowa, 87, 90.   *Small* v. *Field,* 102 Mo. 104, 119.   *Moore* v. *Wilson,* 84 Kans. 745.   *In re Giles,* 21 Fed. (2d) 536.   See

*Ocean National Bank* v. *Williams*, 102 Mass. 141, 143. In the present case the designation appears to have been, not the act of the building commissioner, but that of the inspector. So far as is shown, he had no authority in the matter. The motion for a directed verdict should have been granted. But as we are not sure that the plaintiff's case was presented in the most favorable light warranted by the evidence, the entry will be simply

*Exceptions sustained.*