SARAH W. HEILBRONNER *vs.* JOHN F. SCAHILL.

Suffolk.  October 3, 1938. — June 20, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Landlord and Tenant*, Common stairway, Lights, Landlord's liability to tenant or his family or his invitee.  *Negligence*, One owning or controlling real estate, Violation of law.  *Boston.*

A landlord of a tenement house is under no obligation at common law to a tenant or his guest to keep a common hallway lighted.

In the absence of evidence that a common hallway in a tenement house in Boston three stories or more in height and accommodating four or more families had been designated a "main stairway" by the building commissioner, the mere fact that it was unlighted when a visitor fell on steps therein would not warrant a finding of a violation of St. 1907, c. 550, § 132, or the maintenance of a nuisance, by the landlord.

TORT.  Writ in the Superior Court dated June 9, 1934.

There was a finding for the defendant by *Pinanski, J.* The plaintiff alleged exceptions.

*A. W. Wunderly,* (*C. Ross* with him,) for the plaintiff.

*A. R. Sisson,* (*W. J. Lee* with him,) for the defendant.

DONAHUE, J.  The plaintiff, who had been visiting a tenant on the third floor of a twelve apartment building in the city of Boston owned by the defendant, started on her way home after dark.  She walked down two flights of stairs to the lower hall in the building where there was a light.  She then opened a door and entered a vestibule about twenty feet long which led to the street entrance. There was a spring lock on the door and it closed behind her.  There was "no light lighted in the vestibule which was in utter darkness."  As she "felt her way forward" she fell down a flight of five or six steps in the vestibule and was injured.

The plaintiff brought this action against the owner of the building to recover damages for her injuries.  The case was tried on the second and fifth counts in the declaration.  The second count alleged the disregard by the defendant of an

obligation imposed by St. 1924, c. 136, to keep the public halls and main stairways in the building provided with proper and sufficient lights, kept lighted at night. The fifth count alleged that the defendant maintained a public nuisance in the building in that he maintained a public hall therein which was not provided with proper and sufficient lights which were kept lighted.

The case was tried before a judge in the Superior Court sitting without a jury. Subject to the exception of the plaintiff he allowed a motion of the defendant that a finding for the defendant be made as matter of law.

From the mere fact that the relationship of landlord and tenant existed between the defendant and the tenant whom the plaintiff had visited, the defendant did not become obligated to the tenant or to the plaintiff to keep lighted at night the stairs where she fell, and the evidence did not warrant a finding that either by an express or by an implied agreement with the tenant such an obligation was created. *Carey* v. *Klein*, 259 Mass. 90, 92.

The plaintiff contends that an obligation of the defendant to her, as a guest of a tenant, with respect to the lighting of the stairway where she fell, was created by St. 1907, c. 550, as amended by St. 1924, c. 136, which contained the building laws applicable to the city of Boston. The second count in the declaration is based on a portion of this statute which provides that "Public halls and main stairways in all tenement houses . . . three stories or more in height and accommodating four or more families who are served by a common main stairway and hall shall be provided with proper and sufficient lights to be kept lighted during the night. The words 'main stairway', as used in this section, shall mean the staircase so designated by the building commissioner." The defendant's building was more than three stories in height and accommodated more than four families. The statute, however, is by its terms applicable not to "stairways" generally, but only to a "main stairway" which has been so designated by the building commissioner. In the absence of such designation the quoted words of the statute put no obligation on an owner with respect to light-

ing stairways. *Brodsky* v. *Fine*, 263 Mass. 51, 54, 55. *Sodekson* v. *Lynch*, 298 Mass. 72. *Steele* v. *Lifland*, 265 Mass. 233. There is nothing in the record to show, and the plaintiff does not contend, that the building commissioner had in fact designated the staircase where the plaintiff fell as a "main stairway."

The plaintiff in contending that there was evidence warranting a finding in her favor on the fifth count in the declaration relies on another portion of the statute containing the building laws applicable to the city of Boston. St. 1907, c. 550, § 132, states that a building erected or maintained in violation of the provisions of the act shall be deemed a common nuisance without other proof than proof of its unlawful construction. There is nothing in the record to indicate that the building was "erected" in violation of the act. The record fails to show that there were not proper lighting fixtures for adequately illuminating the stairs where the plaintiff fell. Nor on the evidence could it have been found that the building was "maintained" in violation of the act. Since the staircase had not been declared by the building commissioner to be a "main stairway," the act was not violated by the failure to have it lighted at the time of the plaintiff's fall.

The absence of evidence to warrant the finding of any violation by the defendant of the provisions of the statute on which the plaintiff relies, required a finding for the defendant. If there had been a violation by the defendant of these provisions, such violation would not, as the plaintiff contends, impose on the defendant an additional civil liability independent of his common law liability arising from the relationship of landlord and tenant. Evidence of the violation by a defendant landlord of the provisions of such statutes, under our decisions, is admissible only as evidence of his negligence in the performance of his common law duty to use adequate care. *Garland* v. *Stetson*, 292 Mass. 95, 101. *Wynn* v. *Sullivan*, 294 Mass. 562, 564. *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344, 347.

*Exceptions overruled.*