No. 917          Southern          Bristol, ss.

TANNER                          (George H. Young)
v. ST. ANNE CREDIT UNION          (T. F. O'Brien)

From the Third District Court of Bristol—Potter, J.

Argued June 19, 1941—Opinion Filed August 15, 1941

ROWE, J. (Sanborn, P.J., & Rollins, J.)—This is an action of tort brought by a tenant against a landlord, seeking to recover damages for injuries received when he fell on an outside stairway. The case was submitted to the trial judge on agreed statement of facts which was treated as a case stated. There was a finding for the defendant. The plaintiff claims to be aggrieved by adverse rulings concerning nine requests for rulings and that the finding was against the law.

A summary of the material agreed facts is as follows: The building code of the City of New Bedford (where the tenement house where the accident occurred is located) provides "in every tenement house all stairways shall be provided with proper balusters and railings · kept in good repair." The defendant is the owner of the premises, a two-tenement house, erected in 1923. The plaintiff is a tenant occupying a second floor with all appurtenances thereto belonging,· and has been a resident there for about three and one-half years. The plaintiff while leaving the house descended the back stairway to the

first floor and stepped out onto the back porch. When he got to the back porch platform, he found the rain which had been falling had frozen so that the back porch was icy. As he proceeded toward the stairway (which had no railing) he stepped on the second step down when his foot slipped from under him and he fell across the outside edge of the stairway, receiving the injuries complained of. The outside stairway was icy and slippery because of the ice, and the plaintiff slipped on the ice.

From the facts it would be a fair, but not necessary inference that if this outside stairway had been provided with proper balusters and railings in good condition, the accident would not have happened.

The case really resolves itself into two questions argued by the parties: (1) Does the city ordinance apply to outside stairways as well as stairways within the inside of the house? and (2) If so, does liability exist on the part of the defendant?

We think the plaintiff is correct in his contention that the quoted section of the ordinance applies to outside as well as inside stairways. The entire ordinance is not before us and hence we have no guide as to whether, considering any context, we would come to the same conclusion, but as to this section standing alone, we are of the opinion that outside stairways come within its scope.

The ordinance in question seeks to protect with proper safeguards those using stairways, and this would apply as well to outside as to inside stairways. The words of the ordinance "in every tenement house" refer to a certain class of buildings there described. They are to be construed as being the equivalent of "in instances of tenement houses," etc. Single houses, factories and other buildings may, perhaps, be treated by other sections of the building code. We do not know what they contain as they are not before us.

But the fact that the ordinance applies to outside stairs, and that there was a violation of that ordinance does not change the liability of the defendant to the plaintiff. Under the law of landlord and tenant it would not be a tort as against a tenant for the landlord to demise to him premises which were so defective when let as to be a nuisance. *Garland* v. *Stetson*, 292 Mass. 103.

The condition of the want of a railing on the stairway and possibility of ice forming on the steps were obvious conditions in the instant case, and there being no evidence that the premises were in any different condition than they were or appeared to be at the time of the letting, the plaintiff could not have recovered at common law. See *Hannaford* v. *Kine*, 199 Mass. 63, where the occupant of one of the tenements slipped on ice which had accumulated on a common stairway.

Since the plaintiff could not have recovered at common law, he is no better off by reason of the violation of the ordinance. In *Palmigiani* v. *D'Argenio*, 234 Mass. 434, it was held that a statute providing that owners of buildings should

maintain premises in such repair as not to be dangerous does not repeal or modify the common law relating to tenancies at will.

In *Richmond* v. *Warren Inst. for Savings,* M. A. S. (1940) 1973 (26 BTL 74), the plaintiff, a tenant, received personal injuries as a result of a fall caused by an obstruction on a common stairway. G. L. (Ter. Ed.) c. 143, s. 23, provided that such stairways shall be kept free and clear. The court said (p. 1975): "violation of the statute had no effect as evidence of negligence. There can be negligence only with relation to a duty to exercise care, and as the statute creates no new duty of care as between landlord and tenant, the duty of care, if any, in this case must be that existing at common law (cases cited). There is at common law, in the absence of special agreement, no duty on the part of a landlord to see that articles not part of the building are not left on common stairways by persons other than himself or his agents or employees. His duty relates to the condition of the premises themselves, as compared to their condition when tenancy began."

In the case at bar, if the defendant had violated the ordinance, that violation would have been evidence of negligence only if he had owed a duty to the plaintiff to be careful. *Heilbromer* v. *Scahill,* 303 Mass. 336. Here the condition of the stairway with want of railing was obvious and there is nothing in the facts to justify an inference that at the time of the accident the premises were in any different condition than they were or appeared to be at the time of the letting. Proof of the violation of the ordinance to show negligence is immaterial since the defendant in this case is not liable to the plaintiff under the law of Landlord and Tenant and the ordinance does not create any new or different liability between the parties as a result of its violation. *Richmond* v. *Warren Inst. for Savings, supra.*

Judgment for the defendant.

to the pond. At the hearing, however, they presented no evidence to substantiate their claim, and the examiner's report in the case seems to substantiate the claim of the petitioner to this land.

Ida H. Dennis says that she is the owner of land which abuts on the northwest the parcel sought to be registered, and in her answer denies that the petitioner is entitled to an easement of way eight feet wide over her land for farm purposes and carting seaweed as claimed by the petitioner. Title to the Dennis land was registered in Land Court Case No. 7708, and after a hearing, a Judge of the Land Court ruled that Albert Baker et al. had acquired by prescription a right of way over the said way eight feet wide. The decree which was issued stated the land hereby registered is "subject to a right of way eight feet wide over the southerly part thereof for farm purposes and for carting seaweed, in favor of said Albert Baker et al. land, located on the ground as shown on said plan."

The petitioner in this case acquired her title by mesne conveyance from Albert Baker et al. and is, therefore, entitled to the right of way for the above stated purposes. The petitioner admits public rights in Bourne's Pond, which is a great pond. This disposes of the answer of the Attorney General.

Subsequent to the hearing, the petitioner obtained a grant of a right of way over Gifford Avenue running from the land described in the petition to the road leading from Falmouth to Menauhant. Therefore, on all the evidence, I rule that the petitioner is entitled to a decree registering title to the land set forth in the petition, together with a right of way over Gifford Avenue and a right of way eight feet wide over the Ida H. Dennis land for the purposes hereinbefore stated, and subject to any other matters contained in the examiner's report

Decree accordingly.