RUTH E. SODEKSON *vs.* MAURICE B. LYNCH & another.

Suffolk.   November 17, 1939. — June 28, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Landlord and Tenant*, Lights, Common stairway, Landlord's liability to tenant or his family or his invitee, Existence of relation, Time of letting.  *Municipal Corporations*, Officers and agents.  *Boston*.  *Evidence*, Public record, Of intestacy, Competency.  *Night*.  *Witness*, Refreshment of recollection.  *Negligence*, Contributory.  *Words*, "During the night."

St. 1907, c. 550, § 45, as amended by St. 1924, c. 136, required that lights provided on a "main stairway" in the city of Boston, designated as therein provided, be kept lighted during the night.

Formal proof of the appointment of one to the office of building commissioner of Boston was not necessary in proving a designation, by one purporting to be such officer, of a "main stairway" under the provisions of St. 1907, c. 550, § 45, as amended by St. 1924, c. 136.

It was not necessary that a writing prepared in the office of the building commissioner of Boston and evidencing a designation made by him personally of a "main stairway" under St. 1907, c. 550, § 45, as amended by St. 1924, c. 136, be signed by him personally; a facsimile signature was sufficient.

Evidence that an injury, alleged to have been sustained because of a failure to light during the night a "main stairway" so designated under St. 1907, c. 550, § 45, as amended by St. 1924, c. 136, occurred to a person, not shown to have abnormal or defective eyesight, at half past eight in the evening of August 29, 1931, when it was "dusk turning to dark" and the injured person could not see, warranted a finding that night had begun at the time of the injury.

Absence of a will, when material, may be proved by oral testimony.

Evidence that after a judgment in summary process had been recovered against a tenant, the tenant and his family had remained in occupation by agreement with the landlord, the tenant had made regular payments of rent to the landlord, and thereafter a member of the tenant's family had sustained an injury on the premises, warranted a finding of a new tenancy in effect at the time of such injury.

No error appeared in a refusal to strike out the testimony of a physician who had lost or misplaced his notes, and to whom a letter had been shown for refreshment of his memory, although he stated in cross-examination that his memory was not refreshed thereby, where it did not appear that he had no memory apart from the letter.

A finding of contributory negligence of one injured by falling while descending unlighted stairs at night was not required as a matter of law where it appeared that he guided himself by a rail.

TORT. Writ in the Superior Court dated January 26, 1932.

The case was tried before *Morton*, J.

*M. B. Lynch*, for the defendants.

*M. K. Greenberg*, for the plaintiff.

LUMMUS, J. This case has been here once before. *Sodekson v. Lynch*, 298 Mass. 72. At the second trial the plaintiff got a verdict for personal injuries caused by a fall at ·about half past eight o'clock in the evening, when it was "dusk turning to dark," of August 29, 1931, on a common stairway in the defendants' six-family apartment house in Boston. There was evidence that the fall was due to the failure of the defendants to light the stairway, as the declaration alleged. The plaintiff's father had been a tenant of an apartment on the third floor since November, 1930, at which time the automatic device which turned on the lights on the stairway at a certain hour every day was

working perfectly. The plaintiff lived with her father. The case is here upon exceptions taken by the defendants.

Statute 1924, c. 136, amending St. 1907, c. 550, § 45, applicable to the city of Boston, provides as follows: "Public halls and main stairways in all tenement houses, now existing or hereafter erected, three stories or more in height and accommodating four or more families who are served by a common main stairway and hall shall be provided with proper and sufficient lights to be kept lighted during the night. The words 'main stairway', as used in this section, shall mean the staircase so designated by the building commissioner." This statute in our opinion required not only provision for lights but also that the lights shall be "kept lighted during the night" — a question left open in *Brodsky* v. *Fine*, 263 Mass. 51, 54.

A witness named Glover, who was employed in the building department of the city of Boston and was in charge of the records of the department (G. L. [Ter. Ed.] c. 66, § 6), produced a paper which he testified was an original record kept in the department in the usual course of business. It was dated June 30, 1930, and purported to be a notice from the building commissioner to the defendant Maurice B. Lynch to comply in the apartment house in question with the statute already quoted. It recites that the front stairways of the building are the "main stairway designated by the building commissioner." The signature of the building commissioner was by a facsimile stamp and not his manual signature. The witness testified that it was the practice of the department for an inspector employed in the department to examine the premises and make a written report to the building commissioner who then made the designation, and that three copies of the designation were regularly made out and signed using a facsimile stamp. One of the three copies was kept on file, and is the document produced. The statute does not require service of any notice on the owner, although it is proper to give him notice of a designation, as was the practice.

It sufficiently appeared that the person whose facsimile signature was attached was the building commissioner. It

was not necessary to show his election or appointment to that office. It also appeared that the designation was his act, and not that of some subordinate. *Sodekson* v. *Lynch,* 298 Mass. 72. It was not necessary that the designation be made over the signature of the building commissioner. The paper produced, with the testimony of the witness Glover, was evidence of a lawful designation under the statute. *Commonwealth* v. *Segee,* 218 Mass. 501, 504. *Commonwealth* v. *Collins,* 257 Mass. 580, 584.

The statute already quoted required lighting of the main stairway only "during the night." By G. L. (Ter. Ed.) c. 278, § 10, "If a crime is alleged to have been committed in the night time, night time shall be deemed the time between one hour after sunset on one day and one hour before sunrise on the next day; and the time of sunset and sunrise shall be ascertained according to mean time in the place where the crime was committed." At common law, in criminal cases, night meant "a period when the light of day had so far disappeared, that the face of a person was not discernible by the light of the sun or twilight." *Commonwealth* v. *Williams,* 2 Cush. 582, 589. In the statute before us, it would be a possible construction to hold that "during the night" means during the period when stairs cannot plainly be seen by daylight. But we need not determine this point, for upon any construction the evidence warranted a finding that night had begun at the time of the injury. The injury happened at half past eight in the evening of a day less than a month before the autumnal equinox. There was evidence that "it was dusk turning to dark," and that the plaintiff could not see. There is nothing to suggest that her eyesight was abnormal or defective. *Payne* v. *R. H. White Co., ante,* 63.

In answer to an interrogatory the defendant Maurice B. Lynch said that he was "part owner" of the premises at the time of the injury. He objected to being called to the witness stand and required to testify without being paid a witness fee, but he took no exception to this. He testified that his father died in 1917 leaving his mother, his sister and himself; that his mother died in 1932, leaving his sister

and himself; and that his sister had given him an unrecorded deed of the premises, which he could not produce. The jury could have disbelieved his testimony about the deed. Subject to his exception, he was required to testify that neither his father nor his mother left a will. There was no error in this. The absence of a will can be proved by oral testimony. It was immaterial that he was required to testify that he was appointed administrator of the estates of his father and mother, for title descends without administration. Subject to his exception he was required to testify that his father held a mortgage on the premises in question. In this there was no error. There was shown in evidence a certified copy of the record of an entry by his father to foreclose his mortgage on the premises in question, witnessed by both defendants.

In the brief for the defendants it is conceded that the defendant Maurice B. Lynch was a landlord, "since there was direct evidence of control by him." But it is contended that his sister Maude A. Lynch is not liable. This point does not appear to have been raised at the trial. The motion for a directed verdict for the defendants did not distinguish between them. Neither did any of the requests for rulings. We think there was evidence that the two defendants owned the premises at the time of the injury, and that the plaintiff's father was their tenant. The defendants did not except to the charge which allowed the jury so to find.

The defendants introduced evidence that on March 17, 1931, the defendant Maurice B. Lynch had recovered judgment for possession against the plaintiff's father in an action of summary process relating to premises on the top floor of the apartment house in question. But the plaintiff's father testified that after the trial of the action of summary process he paid the defendant Maurice B. Lynch $30 and it was agreed that the plaintiff's father and his family might remain on the premises as tenants and that the plaintiff's father continued to live in the same apartment for a long time. He produced regular rent receipts signed by the defendant Maurice B. Lynch. He testified that it was after the summary process case that the lights in the hall became

defective for the second or third time and that, although the matter was called to the attention of the defendant Maurice B. Lynch and he promised to repair them, he never did. It could have been found that at the time of the injury the plaintiff's father was a tenant under a new tenancy. *Collins* v. *Canty,* 6 Cush. 415. *Benton* v. *Williams,* 202 Mass. 189. *Moskow* v. *Robinson,* 276 Mass. 16.

A physician testified that he had treated the plaintiff for her injuries, but had lost or misplaced his notes. To refresh his memory he was shown a letter which he had sent to the plaintiff's attorney. After that the witness testified as to the treatment that he had prescribed. But on cross-examination he testified that the letter did not refresh his memory. There was no error in refusing to strike out his testimony. It did not appear that he had no memory apart from the letter. The case of *A. T. Stearns Lumber Co.* v. *Howlett,* 239 Mass. 59, is distinguishable.

The defendants contend that the plaintiff was guilty of contributory negligence. They could not, by failing to light the stairs, require her to remain in the house in the night time. She knew that the stairs were dark, but she was entitled to descend them, using due care. She guided herself by putting her hand on the rail. Nothing in her conduct amounted to contributory negligence as matter of law. *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47, 50. *McCarthy* v. *Goodrum,* 292 Mass. 567. *Barton* v. *Boston,* 301 Mass. 492. *Sullivan* v. *Saugus,* 305 Mass. 127, 131, 132. *Barttro* v. *Watertown Square Theatre, Inc.* 309 Mass. 223.

*Exceptions overruled.*